Poundstone *et al. v.* Baldwin.

POUNDSTONE ET AL. *v.* BALDWIN.

[No. 17,804.    Filed May 26, 1896.]

DRAINAGE.—*Petition.— Statute Construed.* — Under sections 5622–5630, Burns' R. S. 1894, a petition to straighten, deepen, and tile an old open drain, does not have to be signed by a majority of the resident landowners.

SAME.—*Eminent Domain.*—The taking of private property, authorized by the drainage laws of this State, is for a public and not a private use.

SAME.— *Assessment of Benefits and Damages.*—Where the assessment of benefits in favor of a landowner for the repair of a drain exceeds the assessment of damages, he cannot require the payment of damages assessed before the work is established.

APPELLATE PROCEDURE.—*Appellant.*—An appellant can only bring before the court such questions as affect his rights, and not such as affect the rights of others.

PRACTICE.—*Jurisdiction.—Amended Petition.*—Where the court has acquired jurisdiction over the parties to the original petition, it has authority to allow an amended petition, even though the original was not good on demurrer.

From the Cass Circuit Court.    *Affirmed.*

*Magee & Funk,* for appellants.

*D. C. Justice,* and *Nelson & Myers,* for appellee.

MONKS, C. J.—Appellee filed, in the court below, his petition for the drainage of certain real estate, by straightening and deepening an old open drain and laying tile therein.

Appellants were named as landowners who would be affected by the proposed work.    Afterwards, an amended petition was filed, to which appellants filed a

plea in abatement. Appellee filed a demurrer to the plea in abatement, which was sustained.

Appellants filed their remonstrance against the proposed work and for damages. The-cause was tried by the court, and at the request of appellants, the court made a special finding of the facts and stated the conclusions of law thereon, to each of which each appellant excepted. Over appellants' motion in arrest of judgment, the court rendered judgment that the proposed work be established, etc.

The errors assigned and not waived are:

1.  The court erred in sustaining the demurrer to the plea in abatement to the amended petition.

2.  The court erred in each of its conclusions of law.

3.  The court erred in overruling the motion in arrest of judgment.

The plea in abatement to the amended petition, proceeded upon the theory that this proceeding was under the sections 5649, 5663, R. S. 1894, acts 1893, p. 159, providing for the tiling of public drains. This act requires that the petition for tiling such drains be signed by a majority of the resident landowners along the line and benefited by the tiling of such drain.

The law of 1893, sections 5649, 5663, *supra*, does not contemplate any substantial change in such drain, except changing the same from an open to a covered drain, while the amended petition is to *straighten* and *deepen* an old drain. The amended petition shows that this proceeding was brought under sections 5622, 5630, R. S. 1894. Acts 1885, p. 219; *Rogers* v. *Venis*, 137 Ind. 221, and cases cited, p. 224; *Sample* v. *Carroll*, 132 Ind. 496, 498. The last named law does not require that the petition be signed by a majority of the resident landowners.

There was no error, therefore, in sustaining appellee's demurrer to the plea in abatement.

Counsel for appellants urge that the court erred in its first conclusion of law; that appellee was entitled to have the proposed work established as prayed for in his petition, for the reason that it is not found in the special finding that the drainage proposed is practicable. Such fact, as well as all other essential facts to which counsel for appellants have called attention, are set out in the special finding. The court did not err therefore in its first conclusion of law.

The second conclusion of law is, that appellant Poundstone is entitled to receive $50.00 damages for the destruction of timber, to be paid out of the funds of said ditch.

Counsel for said appellant insist "that before said work could be established that the damages assessed must first be paid or tendered. That the taking of private property to establish a drain is not a taking by the State, but by the individual who fancies that his land will be benefited by such drain."

This contention is based upon the theory that the construction of a drain is the taking of one man's property for the use of another.

This court has uniformly held that the taking of private property, authorized by the drainage laws of this State, was for a public and not for a private use. *Zigler* v. *Menges*, 121 Ind. 99; *Heick* v. *Voight*, 110 Ind, 279, and cases cited; *Anderson* v. *Baker*, 98 Ind. 587, and cases cited ; *Wishmier* v. *State*, 97 Ind. 160, and cases cited ; *Chambers* v. *Kyle*, 67 Ind. 206 ; *Tillman* v. *Kircher*, 64 Ind. 104.

The discussion of counsel upon this point is answered fully and completely by this court in the case of *Ross* v. *Davis*, 97 Ind. 79, page 83, in which the court says: "It is insisted that the provisions for the construction of drains, made in the statute, are intended for private benefit only. Although the proceedings for

the construction of a drain under the statute, such as the appellee instituted, can be commenced only by an owner or owners of lands which will be benefited by drainage, yet this objection of the appellants is sufficiently answered by referring to the provision of the statute, that the petition of such owner or owners shall state that in the opinion of the petitioner or petitioners the public health will be improved, or one or more public highways of the county or streets of a town or city will be benefited by the proposed drainage, or the proposed work will be of public utility; and the requirement that the commissioners of drainage shall consider whether, when accomplished, the drainage will improve the public health or benefit any public highway in the county, or street of a town or city, or be of public utility; and the provision that any owner of lands affected may remonstrate on the ground that the proposed work will neither improve the public health, nor benefit any public highway of the county, nor be of public utility, and that if the finding of the court be in support of the remonstrance, on this cause of remonstrance the proceedings shall be dismissed at the cost of the petitioner; also, the provision for the keeping of such drains, after their construction, in proper repair and free from obstruction by the public, through the township trustee, at public expense. *Ingerman* v. *Noblesville Tp.*, 90 Ind. 393.

"It is not necessary, in order that the use may be regarded as public, that the whole community or any large portion of it may participate in it. If the drain be of public benefit, the fact that some individuals may be specially benefited above others affected by it will not deprive it of its public character.  *  *  *

"We have no doubt that it is within the power of the legislature to make provision for the construction of such drains, so that the costs, damages, and ex-

penses of effecting the drainage will be provided for by means of the assessment of benefits to the owners of the lands to be benefited; that just compensation for property appropriated for the making of such a drain may be made in such benefits, or if there be no benefits to a particular owner of property taken, or if the benefits to such person be not sufficient to make just compensation thereby to him, provision may be made for payment to him in money obtained by the assessment of benefits to other property beneficially affected."

No damage in excess of benefits were assessed to any of the appellants, and they have no interest in the question whether provision should be made for pre-payment of damages to others. See *Zigler* v. *Menges, supra.*

In this case, the assessment of benefits to appellant Poundstone is $200.00; the assessment of damages $50.00, leaving his benefits $150.00. So that in any event he cannot complain as long as the benefits exceed the damages, for he is, in fact, and in the contemplation of the statute, paid in benefits, and the other appellants have no interest in the question. *Wilson* v. *Talley,* 144 Ind. 74.

It is next urged that it is alleged in the petition that Andrew Caldwell owned two tracts, of forty acres each, and that it is not shown that he was served with notice of the proceeding.

Only one of said forty-acre tracts was assessed with benefits, and the special finding states that said forty acres was the property of the heirs of Andrew Caldwell. Section 5623, R. S. 1894, provides that it is sufficient to give in the petition the name of the owner of each tract affected, as it appears according to the last tax duplicate or record of transfers kept by the county auditor, and it was proper to give the name of the

owner of each tract as it appeared on the last tax duplicate or transfer book. *Carr* v. *State*, 103 Ind. 548. The record shows that a number of landowners, whose lands were described in the petition, joined in a waiver of notice and appeared to the proceeding and consented to the construction of the drain, and among the number were James Caldwell, Elizabeth Caldwell, and Elizabeth Caldwell, guardian of H. V. Caldwell. There is no allegation in the petition that said parties own any real estate, nor are they named in the petition. It is shown by the record that all the owners of the land named in the petition, have been notified or appeared to the proceeding, except Andrew Caldwell. It would seem, therefore, that the above named persons were the heirs of Andrew Caldwell, and that the court had jurisdiction of the persons of all the owners of the land described.

Besides, neither Andrew Caldwell or his heirs have appealed to this court. No one claiming to be the owner of the real estate alleged in the petition to be the property of Andrew Caldwell is here complaining of any action of the court below.

The rule is that appellants can only bring before the court such questions as affect their rights, and not such as affect the rights of others.

The fact that one or more of the landowners was not notified will not vitiate the proceedings as to those who were properly notified. *Carr* v. *Boone*, 108 Ind. 241, 244; *Grimes* v. *Coe*, 102 Ind. 406; *Zigler* v. *Menges, supra; Steel* v. *Empsom*, 142 Ind. 397.

The court had ample authority to allow appellant to file an amended petition, even though the original petition did not state facts sufficient to constitute a cause of action. The court had jurisdiction over the parties to the original petition, and they were not entitled to notice of the amended petition. Appellants

appeared to the amended petition, and filed a remonstrance, and are not in position, for that reason, to raise the question urged. *Zigler* v. *Menges, supra,* and cases cited.

There is no available error in the record.

Judgment affirmed.