Clarkson v. Wood—168 Ind. 582.

## CLARKSON v. WOOD ET AL.

[No. 20,916.    Filed June 5, 1907.]

1. DRAINS.—*Remonstrance.*—*Amendments.*—The courts have the right to permit amendments to drainage remonstrances at any time before the expiration of the time for filing same, but cannot afterwards permit amendments so as to present new grounds or make an insufficient remonstrance good.    p. 584.

2. SAME.—*Remonstrance.*—*Amendments.*—A remonstrance, timely filed, which tenders an issue, but which is imperfect or informal, may, upon leave, be amended after the expiration of the time for the filing of same.    p. 585.

3. PLEADING.—*Trial.*—*Special Statutes.*—*Procedure.*—*Omissions.* —Where a special statute is silent as to part or all of the procedure necessary for its enforcement, the courts will supply the omissions from the procedure prescribed by the code.    p. 586.

4. AMENDMENTS.—*Right of.*—*Discretion.*—Amendments are favored by the code, and the trial court has a discretion to allow amendments that do not mislead or prejudice the opposite party. p. 586.

5. DRAINS.—*Remonstrance.*—*Joint.*—*Effect.*—Remonstrators may jointly, as well as severally, remonstrate against the establishment of a drain on the ground that the expenses will exceed the benefits, and if the proof shows such fact, the petition should be denied.    p. 587.

6. SAME. — *Remonstrance.*—*Amendment.*—*Joint.*—*Several.*—The court has power to permit, after the expiration of the time for filing, an amendment of a joint drainage remonstrance, so as to make it several.    p. 587.

7. APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence.    p. 588.

From Montgomery Circuit Court; *Jere West,* Judge.

Drainage petition by Walter S. Clarkson, against which William H. Wood and others remonstrate.    From a judgment for remonstrators, petitioner appeals.    *Affirmed.*

*Chase Harding,* for appellant.

*Clyde H. Jones* and *John B. Murphy,* for appellees.

HADLEY, C. J.—Under the drainage act of 1885 (Acts 1885, p. 129, §1, §5622 Burns 1901) as amended in 1903

(Acts 1903, p. 504) commonly known as the circuit court act, appellant began this proceeding for the construction of a drain. In due season certain owners of land affected by the proposed drain filed a remonstrance in these words:

"The undersigned landowners, whose lands are reported as affected, respectfully remonstrate against the report of the drainage commissioners herein, for the following reasons: * * * Third. That it will not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits to the lands reported affected thereby."

The first and second grounds of remonstrance are omitted because the first was dismissed and the second found by the court in favor of appellant, and hence he could not have been injured by any ruling of the court on its sufficiency. The remonstrance was filed on June 3, 1905. On September 4, 1905, appellant filed a motion to strike out the remonstrance, and on October 10, 1905, appellees, without action by the court on the motion to strike out, moved for leave to amend the remonstrance (so far as here material) by inserting in the second introductory line, after the word "affected," the words "separately and severally," so as to make it read thus: "The undersigned landowners, whose lands are reported as affected, separately and severally respectfully remonstrate," etc. The court, over appellant's objection, permitted the amendment to be made, which action of the court presents the principal question arising in this appeal. There was a trial by the court upon the third ground of remonstrance, and a finding and judgment for the remonstrants, and the proceeding was dismissed.

Did the court err in permitting such amendment? The statute (§5625 Burns 1901, Acts 1885, p. 129, §4) provides that ten days, exclusive of Sundays, shall be allowed to any owner of lands affected by the work proposed to remonstrate against the report of the commissioners, and the

eighth ground of remonstrance specified is in these words: "That it will not be practicable to accomplish the proposed drainage without an expense exceeding the benefits." It is argued on behalf of appellant that in a drainage proceeding which is founded on a specific statute for a particular purpose, the right of amendment does not exist, as under the civil practice code; that the right of remonstrance being statutory must be exercised strictly within the terms of the statute, and hence the court has no power to entertain a remonstrance that is not made complete and filed within ten days from the filing of the commissioner's report.

In support of his position appellant cites *Hays* v. *Tippy* (1883), 91 Ind. 102, wherein this court, by Howk, J., speaking of an objector's application to file a remonstrance after the expiration of the time allowed and which filing had been delayed by personal illness, said: "We are of the opinion that the provision of the civil code [for relief against judgments] is wholly inapplicable to such a proceeding as the one under consideration." To the same effect see *Dukes* v. *Working* (1884), 93 Ind. 501, by the same justice. It is said in the former opinion that a drainage proceeding is in no proper sense a civil action, and that recourse to the civil code can only be had when granted by the special statute. But it is manifest from subsequent decisions, as we shall hereafter see, that the court has receded from the narrow grounds here stated.

With respect to amending a remonstrance, there can be no doubt of the court's authority to permit amendments within the time allowed for the filing of the remonstrance, but the remonstrator, being required to bring himself within the terms of the statute, cannot, after the expiration of the time allowed for filing, be permitted, under the guise of amendment, to state a new ground of remonstrance, or make out of an inadequate and worthless paper, timely filed, a sufficient and valid remon-

strance. *Morgan Civil Tp.* v. *Hunt* (1886), 104 Ind. 590, 592; *Gilbert* v. *Hall* (1898), 115 Ind. 549. In the first of these cases it was held that an unverified remonstrance filed within time cannot be validated by swearing to it after the expiration of the time allowed for filing.

In the case of *Gilbert* v. *Hall, supra,* it was held that the lodging of a remonstrance with the clerk, in his office, during a recess of the court, without request that it be filed, and without calling the court's attention to it, cannot, after the lapse of the term, be admitted to the files as a statutory remonstrance. These cases rest upon the principle that an amendment must have something substantial to support it. There must be something to amend by. A paper which lacks some essential statutory element, and therefore, good for nothing as a remonstrance, cannot be made a remonstrance, by amendment, after the end of ten days from the time of filing of the commissioner's report.

But where a remonstrance, timely filed, tenders, in proper form, some issue for trial, but one not so complete and extended as the remonstrant may desire to make

2. it, to conform to the evidence, or where the substance is informally stated, in such cases this court, certainly of late, has manifested no disposition to deny the trial court the discretionary right to permit reasonable amendment, nor to withhold its sanction from the application of the principles of the civil practice code to all matters not provided for in the special statute. In *Higbee* v. *Peed* (1884), 98 Ind. 420, it was held, under a similar drainage law, that a motion to require an objector to make his remonstrance more specific, was a proper practice. So, also, a motion to strike out a ground of remonstrance for insufficiency. In *Neff* v. *Reed* (1884), 98 Ind. 341, it was held that petitioners affirming public utility or public health, on an issue made by a remonstrance, have the burden of proof, and are entitled to open and close the argument. Furthermore, that the correctness of the findings under the evi-

dence may be questioned by a motion for a new trial. In
*Chicago, etc., R. Co.* v. *Summers* (1887), 113 Ind. 10, 3
Am. St. 616, in a special proceeding to enforce, by motion
and notice, a judgment recovered before a justice of the
peace for stock killed by a locomotive, it was said: "It has
often been held by this court, and correctly so, we think,
that the modes of procedure and rules of practice prescribed
by our civil code in civil actions are all applicable to a
special statutory proceeding for the enforcement of private
rights, except where the statute, authorizing and regulating
such special proceeding, has expressly or by fair implica-
tion prescribed a different course of procedure or rule of
practice therein." Citing *Crume* v. *Wilson* (1886), 104
Ind. 583; *Bass* v. *Elliott* (1886), 105 Ind. 517 (both
drainage cases); *Robinson* v. *Rippy* (1887), 111 Ind. 112;
*Hutchinson* v. *Trauerman* (1887), 112 Ind. 21.

The trend of these decisions clearly indicates that in the
enforcement of a special statute the rules of our
3.  civil practice code are applicable to all matters not
especially provided for in the act itself.

Amendments are favored by the code to promote com-
pleteness in litigation, and the trial court has discretion to
allow almost any amendment that will not mislead
4.  or prejudice the opposite party. New parties may
be substituted after answer is filed. *Brunson* v.
*Henry* (1894), 140 Ind. 455; *Lake Erie, etc., R. Co.* v.
*Town of Boswell* (1894), 137 Ind. 336. A mistake in
name may be amended. *Stanton* v. *Kendrick* (1893), 135
Ind. 382. A petition for annexation, on appeal from the
board of commissioners, to the circuit court, may be
amended by reducing the quantity of territory below what
it was when the judgment appealed from was rendered.
*Wilcox* v. *City of Tipton* (1896), 143 Ind. 241. It has
even been held that a bad drainage petition, upon which
jurisdiction has been taken, may be validated by amend-
ment. *Poundstone* v. *Baldwin* (1896), 145 Ind. 139.

Appellant, relying on *Earhart* v. *Farmers Creamery* (1897), 148 Ind. 79, argues that appellee's third ground of remonstrance as originally filed, being joint as to the remonstrants, was insufficient to raise any question under the eighth clause of §5625, *supra,* namely, that the expense of the drain would exceed the aggregate of benefits, his contention being that a remonstrator can question only the amount of his own assessment and not the amount assessed against others. The question here propounded becomes immaterial, since we have reached the conclusion that the amendment, which resulted in making the ground of remonstrance separate and several as to parties, was properly allowed. However, in passing, we deem it proper to say that no sufficient reason has been advanced for holding that the joint remonstrance originally filed was insufficient to challenge the equality of the expenses and benefits. Out of fifty persons assessed, if a dozen shall be able to show that their joint benefits, correctly estimated, added to the amount of all undisputed assessments are, in the aggregate, less than the estimated cost of construction, it is not apparent why such proof should not be allowed under the ordinary rules of procedure. *Beery* v. *Driver* (1906), 167 Ind. 126.

In this case it is clear that under the rule there was substance enough in the original remonstrance to warrant the court in permitting the amendment made. The form, but not the substance, was changed. Beyond any question, any one of the remonstrants would have the right to withdraw from the remonstrance at any time before the trial. Suppose that no amendment had been made, and all the objectors, but one, had withdrawn from the remonstrance, preferring to abide their several assessments rather than take their chances on a trial, might not the remaining one have shown, if he could, that his benefits, reduced to the correct amount, and added to the

sum of undisputed assessments, would make the aggregate benefits less than the expense? Under any kind of issue the fact is a matter of proof.

It is argued that the finding of the court is not sustained by sufficient evidence. We have examined it, and

7. find it in sharp conflict and of a character clearly to sustain the finding of the court.

Judgment affirmed.