## BROWN ET AL. *v.* POWERS ET AL.

[No. 22,141. Filed April 9, 1914. Rehearing denied July 1, 1914.]

1. DRAINS.—*Proceedings to Establish.—Appointment of Drainage Commissioner.*—In a drainage proceeding under §6140 *et seq.* Burns 1914, Acts 1907 p. 508, where the proposed drain extends into more than one county, the court may, without an abuse of its discretion, appoint a drainage commissioner from one of the counties other than the one in which the proceedings are had, who is neither the surveyor nor drainage commissioner of his county. p. 147.

2. DRAINS.—*Proceedings to Establish.—Harmless Error.*—Error, if any, in the action of the court in referring a drainage petition to an *ex officio* drainage commissioner before such commissioner had been designated by the board of county commissioners, was

cured by the subsequent action of the court in designating as such commissioner one who had theretofore been appointed by the board of county commissioners.   p. 147.

3.   DRAINS. — *Proceedings to Establish.* — *Objections.* — Where a county surveyor, who was a drainage commissioner, resigned as such commissioner and a competent engineer was appointed to fill the vacancy, and acted in such capacity without objection, the report in which he joined was objectionable on the ground that subsequent to his appointment a new county surveyor had been elected, who was not disqualified to act, especially in view of the fact that there was no showing that such new surveyor was willing to act as commissioner, or that he had tendered the bond required by §6140 Burns 1914, Acts 1907 p. 508, §1.   p. 148.

4.   DRAINS.—*Proceedings to Establish.—Amendment of Petition.— Effect.*—Where the description in a drainage petition was amended so as to conform to the commissioners' report, the amendment did not operate to vacate the report, and the amended petition was not subject to a motion to strike out on the ground that it had not been filed in duplicate and had not been referred to the drainage commissioners.   p. 148.

5.   DRAINS.—*Proceedings to Establish.—Change of Judge.—Waiver of Objections.*—Where, in a drainage proceeding, the court after hearing one of several remonstrances sustained the motion of one of the other remonstrants for a change of judge, and a special judge was then appointed by agreement of all parties, any question as to the validity of the appointment was waived.   p. 148.

6.   EVIDENCE.—*Judicial Knowledge.*—The court judicially knows that the Kankakee River, in Jasper County, is not navigable. p. 150.

7.   DRAINS.—*Proceedings to Establish.—Presumptions on Appeal.*— Where the evidence is not in the record it must be presumed that the action of the trial court was fair and just in respect to the removal of timber along the line of drainage construction. p. 150.

From Jasper Circuit Court; *George F. Marvin,* Special Judge.

Drainage proceedings on the petition of Francis W. Powers and others, in which John Brown and others remonstrated. From a judgment for petitioners, the remonstrants appeal. *Affirmed.*

*Otto J. Bruce, William E. Pinney* and *H. H. Loring,* for appellants.

*A. Halleck* and *W. S. Potter,* for appellees.

MORRIS, C. J.—In April, 1907, after the drainage act of that year took effect (Acts 1907 p. 508, §6140 Burns 1914), appellees filed in the Jasper Circuit Court their petition for a drain extending into more than one county.

1. The proposed drain was ordered established. Its main line commences about three miles east of the east line of Jasper County and terminates in Newton County. For the most part the general course of the drain follows the channel of the Kankakee River. It affects lands in the counties of Jasper, Newton, Porter, Lake, Laporte and Starke. The greatest length of the drain is in Jasper County, and the next greatest is in Newton County. On December 6, 1907, the court referred the petition to the county surveyor of Jasper County, the drainage commissioner to be appointed by the Board of Commissioners of Jasper County, at the ensuing January session of the board (§6140 Burns 1914, *supra*), and to James E. Carson, of Porter County, as drainage commissioners. Appellants objected to this action of the court, and contend that the court erred in appointing a drainage commissioner from Porter County who was neither the surveyor nor drainage commissioner of such county. We are of the opinion that there was no abuse of discretion shown by the appointment of Carson as the third commissioner. §6142 Burns 1914, Acts 1907 p. 508.

Appellants further claim the court erred in referring the report to an *ex officio* drainage commissioner before such commissioner had been designated by the board of commissioners. If there was error, it was cured by the subsequent action of the court on January 9, 1908, when it designated one Waymire, theretofore appointed by the board of commissioners of Jasper County, as drainage commissioner for such county, and as one of the commissioners to serve in this cause.

2.

The drainage commissioners filed their report on September 20, 1909. In the meantime the court granted many

petitions for extension of time to file report. On July 23, 1908, drainage commissioner Price, county surveyor of Jasper County, tendered his resignation as such commissioner. The same was accepted by the court, and Hugh. L. Gamble, a competent engineer of Jasper County, was appointed to fill the vacancy. Gamble thereafter acted as one of the drainage commissioners, without objection, and joined in the commissioners' report of September 20, 1909. On September 27, 1909, appellant Brown filed his verified petition to strike the report from the files, because, as alleged, since January 1, 1909, one Osborne has been the "duly elected, qualified and acting surveyor of Jasper County, Indiana. That said Osborne at no time since the first day of January, 1909, has been for any reason or cause in any manner disqualified to act as one of the drainage commissioners in this cause". The motion was overruled and this ruling is here assailed as erroneous. Many reasons might be given to sustain the court's action. It is sufficient to say that it was not shown that Osborne was willing to undertake the performance of the duties of commissioner if an appointment had been tendered him; nor is it shown that he ever tendered the bond required by §6140 Burns 1914, *supra*. Moreover, Gamble acted as such commissioner after July 23, 1908, without objection from appellant Brown, and the latter's motion was devoid of merit. *Seybold* v. *Rehwald* (1912), 177 Ind. 301, 95 N. E. 235.

On October 9, 1909, the court set aside the commissioners' report, and referred the petition to the drainage commissioners for a new report. The report ordered was filed October 8, 1910. Afterwards, on the same day, the petitioners, on leave of court, amended the petition in reference to the description of the line of the ditch so as to conform to the description in the commissioners' report. On November 14, 1910, each of the three appellants filed his separate remonstrance under the provisions of §6143 Burns 1914, Acts 1907 p. 508. At

the same time scores of other remonstrances were filed by other parties, including one by the Chicago, Indianapolis and Louisville Railway Company. On April 11, 1911, the hearing of all remonstrances was set for May 5, 1911. On April 19, 1911, without objection from any party, the court heard the remonstrance of said railway company, and on said day confirmed the commissioners' report in so far as it related to the property of the company. On May 2, 1911, Mann Spitler, one of the remonstrants, filed his motion for a change of judge. The motion was sustained, and by agreement of all parties, petitioners and remonstrators, George Marvin, a reputable practicing lawyer of Monticello was appointed to act as special judge. Mr. Marvin accepted the appointment, assumed jurisdiction of the cause, and fixed the hearing of the remonstrances for June 8, 1911, but, on said date the hearing was continued by agreement until July 10, 1911, when it was commenced. Evidence was heard from day to day until July 20, 1911, when appellants John Brown and William B. Brown filed separate motions to strike the amended petition from the files of the court and dismiss the action. The motion was overruled, and this action is here assigned as error. The motion was grounded, among other things, on the theory that the amending of the petition on October 8, 1910, had the effect of vacating the report of the drainage commissioners. It was also averred in the motion that the petition as amended was not filed in duplicate and was never referred to the drainage commissioners. There was no error in overruling the motion. Appellants further contend that after the regular judge commenced the hearing of the remonstrance of the railway company it was too late to file a motion for a change of judge, and consequently the special judge appointed had no jurisdiction of the cause. We perceive no reason why parties, by agreement, may not consent to the hearing of one remonstrance in advance of the time set for the general hearing. In any event, by failing to make any objection to

the appointment of a special judge, appellants have waived any right to a consideration of any question relating to the validity of the appointment.

Appellants claim the entire proceeding is void because as they assert, the Kankakee River, in Jasper County, is navigable. This court judicially knows the contrary.

6. *Ross* v. *Faust* (1876), 54 Ind. 471, 23 Am. Rep. 655, and cases cited. It is contended that the report of the commissioners compels a wanton destruction of

7. growing timber on each side of the proposed drain. The evidence is not in the record, and in its absence we must presume that the action of the trial court was fair and just in respect to the removal of timber.

Other questions are presented, but they are too technical to require discussion. There is no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 104 N. E. 857. For authorities on the procedure for establishment of drains and sewers, see 30 L. R. A. 161. As to judicial notice of geographical facts, see 12 Ann. Cas. 927. See, also, under (1, 2) 14 Cyc. 1037; (4) 14 Cyc. 1033; (5) 23 Cyc. 616; (6) 16 Cyc. 862; (7) 3 Cyc. 275.