UNDERHILL ET AL. *v.* FRANZ ET AL.

[No. 28,700. Filed October 24, 1951. Rehearing denied December 6, 1951.]

*William C. Welborn* and *Milford M. Miller,* both of Evansville, for appellants.

*Addison M. Beavers,* of Boonville, for appellees.

GILKISON, J.—A petition was filed in the Warrick Circuit Court under Section 27-120, Burns' 1948 Re-

placement, asking to repair two public drains in Warrick County, Indiana, one of which, known as the Stevens drain, was established June 23, 1911 and is 33,122 feet in length; and the other known as the Maurer drain was established Septemebr 13, 1921 and is 32,899 feet in length. It averred that the two drains constituted one system and that it is out of repair for its entire length, and is not sufficient to perform the drainage intended and designed.

The petition was filed, and docketed in the same name and style that the separate petitions had been filed and docketed on June 23, 1911 and September 13, 1921 respectively, thus:

"In the Matter of the Petition for Drainage by William E. Stevens, Dorsey Reed, Adam Maurer et al. No. A-598
and

In the Matter of the Petition for Drainage by Adam J. Maurer, Heilman Polk, Charles Nonweiler et al."

This petition was signed by twenty-seven real estate owners in the territory affected by the proposed repair.

On February 10, 1948 fifteen of the petitioners in writing asked leave of court to withdraw their names from the petition and asked the court to strike their names therefrom. This motion was sustained by the court on February 16, 1948, and the names of these petitioners were stricken from the petition, before the cause was ordered docketed. The court then found "that there remain on the petition persons owning more than five per cent. of the acreage on said drain" and "that proper notice" had been given to more than 4/5ths of the landowners, and the cause was ordered docketed on February 16, 1948. At that time there remained twelve names on the petition.

On March 10, 1948 some one hundred seventy per-. sons whose lands were affected by the proposed repair filed a remonstrance to the petition, and a number of other such landowners filed objections and motions to dismiss the petition. On March 19, 1948 these objections were sustained and by leave of court the petitioners orally requested and were allowed to amend their petition by striking out rhetorical paragraph one thereof—the Stevens drain, 33,122 feet in length—and substituting rhetorical paragraph two of the petition— the Maurer drain, 32,899 feet in length—for the stricken paragraph.

The record is composed of 993 pages, and appellants' brief contains 263 pages. We shall condense the matters as much as possible and attempt to decide with reasonable clarity the matters properly presented.

As before noted the petition was entitled in the names of the original petitioners for the construction of the two drains now sought to be repaired. This is irregular though not reversible error. It should have been entitled in the names of the present petitioners to repair the drains. If it had been so entitled much confusion and many questions presented on appeal could have been avoided. Of course, only those who signed the present petition and have not withdrawn therefrom are moving parties in this proceedings to repair, and they alone are appellees. The signers of the original construction petitions are in no way parties herein. We are entitling this opinion in the name of the remonstrators and objectors as appellants, and the petitioners as appellees.

After the report of the viewer and surveyor was filed on October 1, 1948 and notice had been given to the new parties named therein, a series of remonstrances were filed by appellants and others questioning the assessment of benefits; the sufficiency of the

report; that the assessments exceed the aggregate benefits; and that the proposed repairs would not be sufficient to drain the lands affected. These remonstrances were by some 144 landowners.

A trial of the issues raised by the remonstrances was had without the intervention of a jury, beginning on January 30, 1950, and ending February 2, 1950. The cause was then taken under advisement and decided on March 25, 1950 in favor of the petitioners, appellees, naming them and being eight in number, and against the remonstrators, appellants, naming them and being some 165 in number. The report of the "drainage commissioners" was confirmed; the assessments made and as modified by the judgment were approved and made "liens upon the real estate as described in the report of the Viewers and Surveyor." Judgment was rendered accordingly. A motion for new trial was seasonably filed. It was overruled and this appeal is taken.

It is asserted by appellants that it was error for the court to sustain a parol motion to amend the petition by striking out rhetorical paragraph one thereof which asked for the repair and cleaning out of the Stevens drain, and making rhetorical paragraph two, for the repair and cleaning out of the Maurer drain, rhetorical paragraph one of the petition. Section 2-1069, Burns' 1946 Replacement, which governs in this matter, in the absence of anything in the special statute under which the proceedings is instituted to the contrary, requires such motion to be in writing. However, it is not shown that appellants were injured in any manner by reason of the ruling. *Kalleres et al.* v. *Glover, Receiver* (1935), 208 Ind. 472, 478, 196 N. E. 679; *Dickerson* v. *Dickerson* (1938), 104 Ind. App. 686, 689, 10 N. E. 2d 424, 11 N. E. 2d 514. It is further shown by the record that upon the

written motion of the petitioners the matters so stricken from the petition were later restored to the petition, so that the first ruling of the court, while technically erroneous, could not have been injurious to appellants and violated none of their substantial rights. Section 2-1071, Burns' 1946 Replacement. *Hall* v. *Grand Lodge, etc.* (1914), 55 Ind. App. 324, 330, 103 N. E. 854; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 600, 100 N. E. 675; *Harmon, Rec.* v. *Speer, Admx.* (1924), 195 Ind. 199, 211, 144 N. E. 241; *Kalleres et al.* v. *Glover, Receiver, supra.*

It is contended that the court erred in permitting an amendment to the petition that restored the stricken part as above noted. This alleged error is so interwoven with alleged errors Nos. 3 to 8 inclusive, that we shall consider them together.

It is contended that the court erred in overruling remonstrators' and objectors' verified motion to dismiss the action for want of jurisdiction of the subject-matter and of the particular action and of the persons of the parties remonstrating and objecting. The same question was again presented after the report of the viewer and surveyor was filed making new parties to the proceeding when some 102 of such new parties filed similar objections on October 29, 1948. We shall consider these objections together. This alleged error is based upon the fact that on motion of petitioners, rhetorical paragraph No. 1 of the petition (being that part of the petition asking for the repair and cleaning out of the Stevens Drain) was stricken from the petition on March 19, 1948. That the effect of this was to dismiss the petition to repair the Stevens Drain and to dismiss the action as to the appellants and their lands, since, we suppose, in the matter of repair they and their lands are concerned only in the Stevens drain.

On May 19, 1948 petitioners filed their written motion to again amend the petition by restoring rhetorical paragrah one thereof that had been stricken out on their motion, and to strike out rhetorical paragraph two as originally filed and made rhetorical paragraph one by interlineation on March 19, 1948. This motion was sustained by the court and the petition was thus amended.

In a petition for the original construction of a drain commenced in or appealed to the circuit court, we have frequently held that amendments may be allowed at any time before final judgment. *Poundstone et al.* v. *Baldwin* (1896), 145 Ind. 139, 144, 44 N. E. 191; *Clarkson* v. *Wood* (1907), 168 Ind. 582, 586, 81 N. E. 572; *Brown* v. *Powers* (1914), 182 Ind. 145, 148, 104 N. E. 857; *Thompson et al.* v. *Ryan et al.* (1915), 183 Ind. 232, 237 and cited cases, 108 N. E. 98; 2 *Works' Ind. Practice* (Lowe's Revision), §§21.13, 21.14, p.p. 88, 89. In the matter of the petition to clean out and repair the drain in the instant case the same rule should prevail. The reasons for the rule are well stated by Elliott, C. J. in *Zigler* v. *Menges et al.* (1889), 121 Ind. 99, 22 N. E. 782. It was not error for the court to allow these amendments.

Thereafter, on June 9, 1948 viewers were appointed and the court issued instructions to the viewers and surveyor in which the length of the drain to be repaired was given from point to point aggregating 36,610 feet, or 3,488 feet more than that described in the petition. The viewers qualified and later on October 1, 1948 one viewer and the surveyor filed their report. One viewer refused to sign for reasons given. Hearing on the viewer's and surveyor's report was fixed for November 5, 1948. This report gave the length of the ditch to be

repaired as 39,835.6 feet, or 6,713.6 feet beyond the terminus of the Stevens drain as described in the petition, and 3,423.4 feet beyond the length thereof as described in the court's instructions to the viewers and surveyor. These instructions we recognize only as surplusage, since they are not provided for by the law under which the proceedings is instituted. However, the length, as given in these instructions, was accepted by the surveyor and viewer as the length of the drain to be repaired instead of the length as stated in the petition. The law authorizes a 10% increase in the extent of a drain in a repair proceeding, which would allow an increase in the length of this drain of some 3,312.2 feet, or a total length for repair of 36,434.2 feet.

On October 29, 1948, as before noted, some one hundred fifty-two landowners named in the viewers' report and who are appellants herein, appeared specially by their attorneys, for the purpose of objecting to the jurisdiction of the court over the subject-matter of the action, and of the case, and of the persons of the objecting parties; and asked that the proceedings be dismissed. They filed their verified motions accordingly. These motions were overruled on January 6, 1949. On January 17, 1949, under special appearance these parties filed their plea in abatement to the proceedings for the same reasons as stated in the motion and others.

Since neither appellants nor appellees in their briefs mention the answer in abatement, nor give any information concerning how it was determined by the court or raise any question thereon, we shall give it no further attention.

However, the verified motion to dismiss the proceedings questioned the jurisdiction of the court of the

subject-matter, of the case, and of the persons of the objectors. We hold that the court had jurisdiction of the case, and of the persons of the objectors, and had jurisdiction of the subject-matter within the limits fixed by the empowering statute before noted which allows the repair of the drain described in the petition to an additional extent not exceeding 10% of that petitioned for (paragraph (b) Sub. Sec. 2, §27-120 Burns' 1948 Replacement) limiting the extent of the repairs in this proceeding to 36,434.2 feet. As to the remaining extent thereof 3,423.4 feet contained in the viewer's and surveyor's report the court was without jurisdiction in this proceedings.

A court has no power to do anything which is not authorized by law and when its procedure is defined by a special statute, its judicial functions are essentially controlled thereby, and the remedy is confined to the mode prescribed, and the procedure so provided excludes resort to another or different procedure. *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, 104, 54 N. E. 442; *Ryan et al.* v. *Ray et al.* (1885), 105 Ind. 101, 106, 4 N. E. 214; *Bartlett et al.* v. *Manor et al.* (1897), 146 Ind. 621, 625, 45 N. E. 1060; *Hudson* v. *Voreis, Trustee* (1893), 134 Ind. 642, 643, and cases cited, 34 N. E. 503. See also *Drinkwatter et al.* v. *Eikenberry et al.* (1946), 224 Ind. 84, 95, 64 N. E. 2d 399. Freeman on Judgments 5th Ed. §355, p. 737.

There can be no doubt that a judgment may be valid in part because within the jurisdiction of the court and void in part for want of jurisdiction. *Kline* v. *Kline* (1881), 57 Iowa 386, 42 Am. Rep. 47, 49; *Belford* v. *Woodward* (1895), 158 Ill. 122, 134, 29 L. R. A. 593, 599.

That part of the judgment approving the viewer's and surveyor's report and ordering the repair of the

Stevens drain from the point of beginning on the line between Boon and Hart Townships in Warrick County, Indiana, at a point 1,282 feet west of the northeast corner of section two (2) township five (5) south, range eight (8) west; thence following the line thereof as set forth in the petition a distance of 33,122 feet to the end of said drain as set forth in the petition and a ten per cent. extension thereof, or 3,312.2 feet as contained in the viewer's and surveyor's report, making a total length to be repaired of 36,434.2 feet is hereby affirmed. That part of the judgment approving the viewer's and surveyor's report and ordering the repair of an additional extension of said drain of 3,401.4 feet is reversed, for the reason it was not before the court. It is *coram non judice* and therefore void.

The cause is remanded with instructions to the trial court to modify its judgment agreeable with this opinion.

NOTE.—Reported in 101 N. E. 2d 264.