ALEXANDER *v.* ROUSH ET AL.

[No. 20,061. Filed May 18, 1965. Rehearing denied June 16, 1965.]

D. *Burdette Custer, Robert G. Smith* and *Custer and Smith*, of Decatur, for appellant.

A. *Walter Hamilton, William D. Seese,* and *Gallivan & Hamilton,* of Bluffton, for appellees.

MOTE, J.—This is an appeal from an action for the alteration and repair of an established tile drain, known as the Arthur Kelly Drain, in Wells County, Indiana. The proceedings were instituted on December 14, 1959, when the appellees filed a petition in the Wells Circuit Court requesting the alteration and repair of the said tile drain, setting forth therein that the lands of the appellant and others would be affected by and assessed for such alteration and repair. The court set the day for docketing the petition on February 15, 1960, and on this day affidavits as to service and posting of notices were filed and the court entered an order docketing the petition and appointed viewers to serve with Wells County Surveyor, Charles Henley. Thereafter the petition was referred to the surveyor and viewers. Said Petition for Alteration and Repair of Drain was subsequently amended upon the sustaining of petitioner's Motion for Leave to Amend and to Amend

their Petition on September 12, 1960, and petitioners also filed their bond which was approved by the Clerk. The time for the filing of the Report of the Engineer and Viewers was extended several times by the court, and on August 25, 1961, petitioners advised the court that the surveyor of Wells County, Indiana, was not a licensed engineer. Subsequently, the court appointed Lessel Buzzard, a licensed engineer, to perform the duties of surveyor and he thereafter qualified as such and filed his bond. On January 15, 1962, the engineer and viewers filed their report. On the 23rd day of February, 1962, the appellant filed her Written Objections to the Report of the Engineer and Viewers and Claim to Compensation and Damages. On March 9, 1962, the engineer, Lessel Buzzard, filed his final report and on March 17, 1962, appellant filed her remonstrance to this final report of the engineer. Before the court acted on the remonstrance, the Final Amended Report of the Engineer was filed on May 3, 1962. This Final Amended Report also sets out verbatim a copy of the original Petition for Alteration and Repair of Drain and not as amended on September 12, 1960. Thereafter, on May 11, 1962, the appellant filed her Remonstrance Against the Final Amended Report and Decision of Engineer. On November 28, 1962, the regular Judge of Wells Circuit Court declined jurisdiction in this cause and appointed Honorable John H. Edris as Special Judge who qualified as such on January 2, 1963. The cause, at issue in the trial court on the remonstrance of the appellant filed to the Final Amended Report of the Engineer, was submitted to the court. On March 20, 1963, the trial court found against the appellant and confirmed the Final Amended Report of the Engineer, the assessments made therein, and the establishment of a proposed new open ditch drain. The construction of the proposed ditch was assigned to Lessel L.

Buzzard and costs were taxed to the appellant. On April 17, 1963, appellant filed her Motion for New Trial which was overruled on July 3, 1963. On September 25, 1963, appellant filed her transcript and her Assignment of Errors which said assignment, omitting the caption and signatures, reads as follows:

"The Appellant avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to Appellant, in this:

1. The lower Court lacked jurisdiction of the subject matter.

2. The lower Court lacked jurisdiction of the subject matter and was wholly without jurisdiction to render the judgment appealed from, in that, the lower Court in rendering such judgment exceeded the limits of the empowering statute (Burns—Ind. Stat. 27-120) on such Court's jurisdiction.

3. The Court erred in overruling Appellant's motion for a new trial.

WHEREFORE, Appellant prays that the judgment in this cause be reversed."

Inasmuch as substantially the same question of jurisdiction is raised by Assignment of Errors No. 1 and No. 2, and both appellees and appellant have grouped them for purposes of argument, they will be treated likewise in this appeal.

Appellant contends that the lower court, in rendering its judgment, lacked jurisdiction of the subject matter by exceeding the limits of the empowering statute, being §27-120, Burns' 1960 Replacement. As indicated by the "Petition for Alteration and Repair of Drain", the parties to this appeal recognize that this is a special statutory proceeding controlled by the above mentioned drainage repair statute, the relevant parts of which are as follow:

"(a) The owner or owners of five per cent [5%] in acreage of the land affected by and assessed for the construction of any public drain under any law of this state shall have the right to file a petition and therein allege:

(1) That such public drain, or any part thereof, being out of repair, is not sufficient to properly perform the drainage for which it was designed and intended, and may be more economically repaired, by tiling and covering, or by increasing the size of the tile and changing the course, or extending the length thereof, or by removing the tile and converting the drain into an open ditch, or by changing the course, deepening, widening, or extending the length of an open drain, or by making any other change therein which would be of public utility;

(2) . . .

(b) No petition filed in conformity with the provisions of paragraph (1) of subsection (a) of this section shall contemplate the increasing of the tile, the average deepening and widening or the extension more than ten per cent [10%] of the original plans and specifications: Provided, That if a portion of any such tile drain nearest the outlet is insufficient to provide the drainage for which it was designed and intended, and an auxiliary open drain could be constructed to carry the excess flowage, said auxiliary drain, if of public utility is not to be denied because of the length thereof, unless the same exceeds in length more then twenty-five per cent [25%] of the length of the original tile drain.

(c) Such petition shall be addressed to the board of county commissioners or to the circuit or superior court, or to the judge thereof in vacation, and shall be filed in duplicate with the county auditor or clerk. The form and contents of such petition and other provisions thereof, so far as applicable, shall conform and be similar to the petition provided in this act relative to original petitions for construction of drains; as well as the provisions of this act relative to notice of docketing thereof, objections thereto, and the reference of such petition to the surveyor and viewers, the findings of

the viewers, the filing of the surveyor's report, and other proceedings, shall, so far as applicable, conform and apply to the proceedings in this section specified for the repair, change or extensions of any such drain or the installation, construction and maintenance of control dams therein. No such petition shall be denied by reason of the filing of a remonstrance signed by the owners of two-thirds [2/3] of the acreage of the land named as such in the petition, or who may be affected by any assessment imposed, unless the signers of such remonstrance shall likewise be the owners of the lands abutting on more than one-half [1/2] of the total length of the ditch."

Appellees contend that appellant's argument is based upon the assumption that the proposed construction exceeds the length of the original Arthur Kelly Drain by more than ten percent (10%), and the court, therefore, lacked jurisdiction of the entire matter. In opposition to this contention appellees present three basic arguments as follow:

(1) That the appellant, by failing to remonstrate against the Engineer's Amended Final Report on the ground that the court lacked jurisdiction of the subject matter for the reason that the Engineer's Amended Final Report proposed extending the length of the drain by more than ten percent (10%) or twenty-five percent (25%), waived the question, and appellant cannot now rely upon same for the first time on appeal;

(2) That the appellant wholly failed too offer any evidence of the length of the original Arthur Kelly Drain by which it could be determined that the limitations on jurisdiction under §27-120 (b), *supra*, were exceeded by the proposed construction in the Engineer's Amended Final Report;

(3) That the proposed construction is an "auxiliary" drain to carry excess flowage, and as such it is

permitted under §27-120 (b) to a length not exceeding twenty-five percent (25%) of the length of the original tile drain if a portion of any such tile drain nearest the outlet is insufficient to provide the drainage for which it was designed and intended.

Briefly considering arguments (1), (2) and (3) above, it ·is apparent that appellant has failed to present any evidence as to the length of the original Arthur Kelley Drain and appellant would have no basis upon which to claim that the limitations of §27-120 (b) were exceeded by more than ten percent (10%). Likewise, the record shows that no such evidence was presented to the trial court by appellees. Since the record is devoid of any such evidence it seems ironic that appellees would attempt to argue that appellant could not establish the ten percent (10%) limitation and then attempt to argue that the proposed construction did not exceed the twenty-five percent (25%) limitation in §27-120 (b), *supra.*

It is the belief of this Court that appellees have misconstrued the argument presented by appellant. Throughout her briefs appellant urges that the judgment of the lower court does not constitute a repair of the existing Arthur Kelly Drain, but provides for the establishment of a new open drain which could not be accomplished under the "drainage repair" statute, being §27-120, *supra,* but could only be authorized under the "new construction" statute, being §27-104 et seq., Burns' 1960 Replacement.

Before determining whether the appellant waived her right to assert the question of jurisdiction on appeal, we first must discuss the nature of the proposed construction of a separate open ditch. Was it in fact new construction to be governed by §27-104 et seq., *supra?* The evidence in the case at bar clearly shows that at no

time did the surveyor make an investigation of the existing Arthur Kelly Drain.

"Q. Did you in the course of your inquiry, make any investigation of the twenty inch tile drain running across the lands of Charlene Alexander?

A. I made no testing on that.

Q. Are you able to tell the court what the condition of that twenty inch tile drain is?

A. No.

. . .

Q. Did you make any inquiry whatsoever as to the condition of this 14 inch tile drain running south and getting into the 20 inch tile?

A. We didn't take any tests, we just took what the neighbors gave us about the condition of the tile. The tile is fairly good.

Q. You didn't go back along the 14 inch tile up the drain running south and dig down and see what the condition of the tile was?

A. No, we didn't take any tests."

It is apparent that §27-120, *supra,* provides for the repair and rehabilitation of existing drains, and petitions filed pursuant to this statute are limited in accomplishment by the express provisions thereof. When the Petition for Alteration and Repair of Drain was filed the court was vested with jurisdiction within the limits of §27-120, *supra*. However, upon petitioning for specific repairs, the engineer obviously ignored same, made no investigation or tests as to the condition of the Arthur Kelly Drain or the possibility of rehabilitation as prayed for in the petition, and proposed the construction of an open ditch while making no proposal whatsoever as to the repair of the existing drain.

This Court is aware of the fact that §27-109, Burns' 1960 Replacement, gives the surveyor and viewers a measure of discretion in determining the best and

.cheapest method of drainage, the termini and route, location, and character of the proposed work. However, it is the opinion of this Court that the surveyor and viewers must exercise this discretion within the limitations of the empowering statute.

As appellant points out in her brief, in *Northern Indiana Land Company* v. *Carlin* (1920), 189 Ind. 324, 127 N. E. 197, the surveyor and viewers:

> ". . . are not given a roving commission . . ., or authority to radically depart from the general purview of the petition, which in a general way points out the object to be obtained and the method to be pursued in accomplishing the purpose of the petitioners."

The judgment herein, confirming the Engineer's Amended Final Report, the assessments, and the proposed establishment of a new open ditch, is as follows:

> "The Court having heretofore heard all of the evidence on the remonstrance of CHARLENE ALEXANDER to the Engineer's Final Amended Report and Decision, and having taken said cause under advisement, now finds against the remonstantor upon all grounds of objection to said amended report of said Engineer, the Court further finds that the said amended report should be confirmed and assessments made thereby approved, and the proposed drain established.

> It is, therefore, ordered, adjudged and decreed by the Court that the amended report of the Engineer herein be and the same is hereby confirmed; that the assessments made therein be and the same are hereby approved, and that the same are hereby made liens upon the said real estate described in said report as therein set out; that the drain therein described be, and the same is hereby established.

> It is further ordered, adjudged and decreed by the Court that said drain and all work in connection therewith necessary to the construction thereof, as provided in said amended report be, and the

same is hereby assigned to LESSEL L. BUZZARD, Engineer for construction.

It is further considered adjudged and decreed by the Court that the said remonstrator pay the costs occasioned by her remonstrance and that all other costs be paid by the said Engineer out of the ditch fund.

Dated this 20 day of March, 1963."

Thus it is the opinion of this Court that the lower court has exceeded the limits of the empowering statute, §27-120, *supra,* in that the judgment orders "new construction" authorized under §27-104 et seq., *supra;* hence, a jurisdictional question concerning the subject matter is involved.

In the case of *Underhill et al v. Franz et al.* (1951), 230 Ind. 165, 101 N. E. 2d 264, the Supreme Court of Indiana declared:

"A court has no power to do anything which is not authorized by law and when its procedure is defined by a special statute, its judicial functions are essentially controlled thereby, and the remedy is confined to the mode prescribed, and the procedure so provided excludes resort to another or different procedure. *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, 104, 54 N. E. 442; . . . See also *Drinkwatter et al.* v. *Eikenberry et al.* (1946), 224 Ind. 84, 64 N. E. 2d 399. . . ."

In the case of *Lowery v. State Life Insurance Company, supra,* the Indiana Supreme Court further states that:

"A court is a creature of the law, instituted for the determination of questions of law and fact under defined restrictions and limitations. The territorial limits of its power, the subjects and classes over which its power may be exercised, the terms upon which it may put its power into action, are as firmly and clearly established as the right to adjudicate when authorized to do so; and, though

a court of general jurisdiction, it must proceed in the manner and upon the conditions imposed by the law, *and an assumption of jurisdiction over a subject or a person, upon terms denied by law, is as unwarranted and futile as the assumption of jurisdiction without its territorial limits.* A departure from the limits and terms of jurisdiction is *usurpation of power that imparts no validity whatever to its judgments and decrees. . . .* Hence, we have the generally accepted rule that, *when a court proceeds without jurisdiction of the subject-matter, its judgment is wholly void; . . ."* (Emphasis supplied.)

Thus it follows that §27-120, *supra,* being the empowering statute in this case, the surveyor, the viewers, and the parties involved derive their authority to act, and the court below has jurisdiction of the action, within the framework and limitations of this statute. Beyond its limitations no action may be taken.

As we have held, the court has exceeded its jurisdiction in ordering the construction of a new open ditch which procedure is authorized only under the more stringent provisions of §27-104 et seq., *supra.* Here the court has assumed jurisdiction in an area not inherent to it and not granted by the law. Jurisdiction, to the contrary, was expressly withheld to order new construction of an open ditch when proceeding pursuant to a petition for repair of an existing drain under an affirmative statute allowing only repair or rehabilitation of an existing drain, and the judgment must therefore be void. No action or lack of action of appellants can waive this requirement. Again, in the case of *Lowery* v. *State Life Insurance Company, supra,* it is stated that a void judgment implies no judgment at all and its non-existence may be declared upon collateral attack. The Supreme Court further stated in this case:

"A void judgment implies no judgment at all and its non-existence may be declared upon collateral attack, upon suggestion of an *amicus curiae*, or by the court at any time upon its own motion. The rule is stated in 12 ENC. OF PL. AND PRAC. page 190 as follows: 'When it appears that the court has no jurisdiction over the subject matter of the suit, it will take notice of the defect, whether objection is made or not, and will dismiss or stay the proceedings *ex mero muto*, and it is its duty to do so without determining any other matter involved in the litigation.' And the duty is not affected by the acquiescence or agreement of the parties to submit to the jurisdiction, since jurisdiction that cannot be acquired without consent, cannot be bestowed with it. . . ."

Since we now hold that the court below had no jurisdiction to enter the judgment establishing a new open ditch as it exceeded the limits of the empowering statute, it is void, and there can be no waiver of the question of jurisdiction.

The decision of the trial court is reversed.

Bierly, P.J., Hunter and Smith, JJ., concur.

NOTE.—Reported in 207 N. E. 2d 227.