McCaslin *et al. v.* The State, *ex rel.* Auditor of State.

Filed Jan. 9, 1885.

---

No. 10,761.

McCASLIN ET AL. *v.* THE STATE, EX REL. AUDITOR OF STATE.

EJECTMENT.—*Complaint.*—*Demand for Possession.*—In an action of ejectment for the recovery of real estate, no prior demand for the surrender of possession is necessary, and none need be alleged in the complaint, unless it be apparent from its other allegations that the relation of landord and tenant exists, or has existed, between the plaintiff and defendant in regard to such real estate.

QUIETING TITLE.—*Possession.*—*Complaint.*—*Demand.*—Under section 1070, R. S. 1881, any person claiming title to real property, "either in or out of possession," may bring an action to quiet such title; and therefore, it is not necessary to allege in the complaint, in such action, either that the plaintiff is entitled to the possession, or has demanded possession, before the commencement of the suit.

FORMER ADJUDICATION.—*Party to Decree.*—*Estoppel.*—*Title to Real Estate.*— A party to a decree in a former adjudication between the same parties, in relation to the same subject-matter, is bound and concluded by each provision of the decree, and can not acquire any title to or interest in the real estate, which was the subject of the former adjudication, except by a substantial compliance with all the provisions of such decree.

EJECTMENT.—*Real Estate Owned by State.*—*Officers of the State.*—*Auditor of State.*—*Statutory Power.*—*Agreement.*—An officer of the State has no power or authority over any real estate, owned by the State, except such as has been or may be conferred upon such officer by positive statute; and where the State sues for the recovery of such real estate, and the defendant relies upon an alleged agreement with the auditor of State in defence of such suit, unless it appears that the auditor of State was expressly authorized by statute to make the agreement, as against the State such agreement is absolutely void.

SAME.—*Growing Crops.*—Where the plaintiff in ejectment recovers the land, he is entitled to the crops growing or cut and shocked thereon, which were planted after the commencement of his action.

McCaslin *et al. v.* The State, *ex rel.* Auditor of State.

TAXES.—*Sale of State's Land for.*—*Deed.--Void.*—The sale and conveyance of land owned by the State, for delinquent taxes assessed thereon, are invalid and void, because the State's land is not subject to taxation.

TRESPASS.—*Husband and Wife.*—*Wife's Torts.—Joint Liability.—Damages.*— Under the law of this State, prior to September 19th, 1881, husband and wife were jointly liable in damages for the wife's torts, where it appeared that she was the principal tort-feasor and committed the trespass complained of, not in company with nor by the order of her husband.

From the Marion Circuit Court.

*W. A. Lowe, B. F. Davis* and *S. A. Forkner*, for appellants.
*F. T. Hord*, Attorney General, for the State.

HOWK, J.—We take from the brief of appellee's counsel the following statement of facts in relation to this case, which we have found to be substantially correct:

The land in suit was purchased by the State for a House of Refuge for Juvenile Offenders, and the Legislature having resolved to change the location, a statute was enacted March 8th, 1867, authorizing the governor and commissioners of the House of Refuge to sell the same for cash, or on credit, and apply the proceeds thereof towards the purchase of other grounds, and the erection of suitable buildings for the institution, and upon full payment of the purchase-money in such case, the governor was authorized, in the name of the State, to execute a deed to the purchaser, attested by the secretary of state. 1 R. S. 1876, p. 549, 550, section 26.

Subsequent proceedings are recited in the case of *McCaslin v. State, ex rel.*, 44 Ind. 151, which was in evidence in the case below admitted by bill of exceptions.

On the 10th of June, 1867, Governor Baker made an agreement to sell to William McCaslin said land for $7,500, payable in three equal instalments, of $2,500 each, the first payable, with interest, the 15th day of October, 1867, the second payable May 27th, 1868, and the third payable the 27th of May, 1869, and on failing to pay any instalment the whole to become due. A writing was executed by Governor Baker to William McCaslin, wherein it was provided that said Mc-

Caslin, upon the full payment of said purchase-money, would be entitled to receive from the State a deed for said tract of land, conveying the same to him. See the agreement and note in *McCaslin* v. *State, ex rel., supra,* pp. 159, 160.

William McCaslin and wife made a mortgage to the State on other lands to secure the purchase-money. *McCaslin* v. *State, ex rel., supra,* p. 161.

McCaslin entered into possession of the land purchased by him without any agreement therefor, and never at any time paid any portion of the principal or interest of the purchase-money.

On the 14th day of September, 1868, the State caused a deed for the land to be executed, acknowledged and prepared for delivery, and tendered the same to McCaslin upon condition that he should pay the purchase-money; but McCaslin refused to pay the same, or any part thereof, and he never received any deed for the land.

On the 26th of December, 1870, the State caused a written notice to be served on William McCaslin, demanding of him the possession of the land, and forbidding him to exercise any further acts of ownership over said tract of land, and that he should not cut or remove any timber therefrom until he complied with his contract, and paid to the State of Indiana the full amount of principal and interest due for said land. *McCaslin* v. *State, ex rel., supra,* pp. 155, 156.

The State, on the relation of the auditor, instituted an action against appellants to recover the possession of said land, and to enjoin the destruction and removal of the timber thereon, and for judgment against him on said note, and the sale of his interest held by him under his bond.

Suit was also instituted on the mortgage given by McCaslin and wife to the State to secure the purchase-money, and judgment was rendered thereon, and the same was sold for $800, which was all that it would bring, being subject to a prior mortgage of $3,000 (*McCaslin* v. *State, ex rel., supra,* p.

168), and after paying costs left $683.02 only, that went to the State. *McCaslin* v. *State, ex rel., supra,* pp. 168, 171.

A decree was rendered in favor of the State in said first described action for possession of the land, and after giving appellants credit for $683.02, the proceeds of the sale of the mortgaged property, the court decreed that there is due to the State from the said McCaslin the residue of the note, amounting to $8,801.98, and in order that the equity of redemption of McCaslin and wife may be forever barred and foreclosed, the court ordered that the interest of McCaslin and wife be sold; and further decreed " that the purchaser or purchasers, who shall purchase the interest of said McCaslin and wife in said land under this decree, shall have the right, within sixty days from such sale, to pay to the State of Indiana the balance, including interest, which may be due to the plaintiff on said promissory note, and thereby entitle him or them to have said tract of land conveyed to him or them in pursuance of the statute authorizing the sale and conveyance thereof, and upon failure of such purchaser or purchasers to pay, within the time aforesaid to the State of Indiana, the balance which may be due on said note, all the interest or equity of such purchaser or purchasers in said land shall, by such failure to pay, be forever barred and foreclosed." *McCaslin* v. *State, ex rel., supra,* pp. 171, 172.

The State held the legal title to the land, and never parted with it. McCaslin had no equitable title to the land as he had not performed the obligations of his bond; he had a right only under his bond to acquire the title upon payment of the purchase-money. The court ordered the interest of McCaslin to be sold upon the terms prescribed in the order, which it could lawfully do. *McCaslin* v. *State, ex rel., supra,* pp. 176, 181.

And the purchaser thereof acquired the right to pay off the purchase-money to the State within sixty days, and upon such payment to own the land, and if not paid, all right or claim in or to the land by any other party than the State,

was barred under the judgment of the court.    *McCaslin* v. *State, ex rel., supra,* pp. 176, 181.

The said judgment for possession and the sale of the Mc-Caslin interest in the land was entered in the Marion Circuit Court, October 11th, 1871.

On the 2d day of December, 1872, process was issued on the judgment rendered against McCaslin and wife, and their interest under the bond given by Governor Baker was sold to Calvin R. Rooker, as the attorney of Margaret McCaslin, on the 8th of March, 1873, and he assigned the certificate of purchase to Margaret McCaslin, and a deed was made to her therefor, March 10th, 1874.

With this general statement of what may be regarded as the history of the cause, we proceed now to the consideration of the several errors complained of in this court.   The appellee's complaint contained four paragraphs, to each of which the separate demurrer of the appellant Margaret McCaslin, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court.   These rulings of the court are severally called in question by the first four errors separately assigned by the appellant Margaret Mc-Caslin.   The record shows that upon the trial of the cause, the finding and judgment of the court in favor of the appellee are rested exclusively on the second, third and fourth paragraphs of the complaint.   We need not, therefore, consider the question of the sufficiency of the first paragraph of complaint, because, for all practical purposes, that paragraph is out of the case.

In the second paragraph of complaint the relator alleged that the State of Indiana owned in fee simple, and was entitled to the possession of, certain real estate particularly described, in Marion county, containing one hundred acres; that the appellants, William and Margaret McCaslin, unlawfully kept the State out of the possession of such real estate, and had so done for six years then last past; that the appellant Margaret McCaslin claimed the real estate as her sepa-

rate property, as between her and her co-appellant, William McCaslin; that the rents and profits, use and occupation, of such real estate were worth five hundred dollars per year; that the appellants had cut and carried away two hundred dollars' worth of timber from the land, and had destroyed and converted to their own use two thousand rails belonging thereto; that they had damaged the fences, buildings, growing timber and orchards upon such land by cutting and wearing them out, and ruining them, in the sum of $500; that they had damaged such real estate by bad husbandry in the sum of $1,000, all of which had occurred within six years last past; and that the appellant Margaret McCaslin had five thousand dollars' worth of property in her own right.    Wherefore, etc.

In the third paragraph of complaint the relator alleged that the State of Indiana owned, in fee simple, certain described real estate in Marion county; that the appellants, William and Margaret McCaslin, were in possession of such real estate, claiming the same by title adverse to the State of Indiana; that such claim was without foundation, but still was a cloud upon the State's title; and the relator asked that such claim be declared void, and that the appellants, by a decree of the court, be adjudged to have no such title, and that the title of the State be forever quieted as against the appellants' title.    Wherefore, etc.

In the fourth paragraph of complaint the relator alleged that, in 1871, the State of Indiana, on the relation of the then auditor of State, duly recovered in the court below a judgment and decree against the appellants (the substance of which we have heretofore given, in our statement of this case, and being the same judgment and decree considered by this court in *McCaslin* v. *State, ex rel., supra,* pp. 151–183), setting out a copy thereof; that on the — day of ——, 1872, an order of sale was issued upon such judgment, and placed in the hands of the sheriff of Marion county, where such real estate is situate; that such proceedings were had, under such order of sale, that on

the — day of ——, 1873, the real estate therein described was duly advertised for sale by the sheriff, and sold for the sum of $165 to one C. F. Rooker, and the sheriff's certificate of such sale was duly assigned by him to the appellant Margaret McCaslin, who, after the expiration of one year, received a sheriff's deed of such real estate, which deed was then of record in the recorder's office of Marion county; that before and after such sheriff's sale State and county taxes were assessed against the appellants, and extended upon the tax duplicate of such county; that to strengthen their title to such real estate the appellants suffered such taxes to become and remain delinquent, and suffered such real estate to be sold by the treasurer of Marion county, and bid in the same, either through a trustee or in their own names (which of them the relator was unable to say), and afterwards received a tax deed thereof; and the relator averred that such proceedings, all and singular, were void as against the State of Indiana, and its right and title in and to such real estate; that the assessment of such land, as against the State, was null and void; that such tax proceedings were void, because of the appellants' collusion and fraud in procuring the taxation and sale of such real estate; that at the time of such tax sale and since, the appellants had ample personal property to pay such taxes; that the real estate was not advertised for sale for such taxes for four weeks, as required by the statute, in a public newspaper; and that the land was sold for twenty-five dollars more taxes than were due thereon. This paragraph then stated substantially the same facts as the second paragraph in relation to the rental value of the land, the cutting and removal of timber therefrom, the carrying away of the rails thereon, and the damage done and suffered to be done to the orchards, fences and buildings on the land, by the appellants.

And the relator further averred that he had demanded possession of such real estate from the appellants, which they refused to surrender; that the said judgment was wholly un-

paid, and there was due thereon the sum of $10,000; and that the appellant Margaret McCaslin had $2,000 worth of property in her own right, and enjoyed the same as her separate estate.　Wherefore the relator prayed for a writ of possession to be issued to the sheriff of Marion county, commanding him to eject the appellants and their tenants from such real estate, and demanded judgment that the title of the State of Indiana, in and to the land, should be quieted as against the appellants, and all persons claiming under them, etc.

The only objection urged by appellants' counsel, in argument, to the second and third paragraphs of complaint, is that no demand is alleged in either of such paragraphs for the possession of the real estate.　The second paragraph is a complaint in ejectment in the statutory form ; and, in such a complaint, it has never been held necessary to aver a demand. No demand for the surrender of the possession of the land is necessary, and none need be alleged, unless it appear from the other allegations of the complaint that the relation of landlord and tenant existed between the plaintiff and the defendant; and no such relationship between the parties is shown in the second paragraph of complaint in the case at bar.　*Indianapolis, etc., Union* v. *Cleveland, etc., R. W. Co.*, 45 Ind. 281.

The third paragraph of complaint was a complaint to quiet the title of the State of Indiana to the real estate in controversy against the unfounded claims, as alleged, of the appellants.　In such a complaint, it was not necessary to allege either that the State was entitled to the possession, or had demanded possession from the appellants, for the code provides that an action may be brought by any person, " either in or out of possession," to quiet the title to real property.　Section 1070, R. S. 1881 ; *Schori* v. *Stephens*, 62 Ind. 441.

In the fourth paragraph of complaint the relator first pleaded the judgment and decree which the State of Indiana, in 1871, recovered against the appellants in relation to the real estate now in controversy.　It was then adjudged and

decreed, among other things, " that the plaintiff, the State of
Indiana, recover of and from the defendants the possession
of the land mentioned in the complaint herein, situate in Ma-
rion county, Indiana, and described as follows : " (describing
the land now in suit), "and that an execution issue herein
reciting the foregoing recovery, requiring the sheriff of Ma-
rion county aforesaid to deliver possession of said tract of
land to the State of Indiana, or its agents.   And it is further
ordered, adjudged, and decreed by the court that there is due
to the State of Indiana from the said William McCaslin, on
the promissory note given for the purchase-money of the land
described in the complaint, the sum of nine thousand four
hundred and thirty-five dollars, less the sum of six hundred
and eighty-three dollars and two cents, realized by the plain-
tiff by a sale under a decree of foreclosure of other real es-
tate mortgaged by William McCaslin and Margaret McCas-
lin, his wife, to secure the payment of such note, leaving the
net sum now due the plaintiff from William McCaslin, on
said note, eight thousand eight hundred and one dollars and
ninety-eight cents ; and, in order that the equity of redemp-
tion of William McCaslin and Margaret McCaslin, his wife,
may be forever barred and foreclosed, it is hereby ordered,
adjudged, and decreed by the court that all their right, title
and interest in and to the aforesaid one hundred-acre tract of
land hereinbefore mentioned, bounded and described, be sold
by the proper officer without relief from valuation or ap-
praisement laws, as other lands are sold upon execution, for
the payment of the costs of this suit, and the payment of the
sum so decreed to be due the plaintiff from the defendant
William McCaslin, as aforesaid.

"And it is further ordered, adjudged, and decreed by the
court that the purchaser or purchasers, who shall purchase
the interests of said McCaslin and wife in said land under that
decree, shall have the right, within sixty days from such sale,
to pay the State of Indiana the balance, including interest,
which may be due to the plaintiff on said promissory note,

and thereby entitle him or them to have said tract of land conveyed to him or them, in pursuance of the statute authorizing the sale and conveyance thereof; and, upon failure of such purchaser or purchasers to pay, within the time aforesaid, to the State of Indiana the balance which may be due on said note, all the interest or equity of such purchaser or purchasers in such land shall, by such failure to pay, be forever barred and foreclosed."

We have set out at length these provisions of the judgment and decree of the trial court in 1871, not alone because they are peculiar and out of the ordinary course, but because the subject-matter of that judgment and decree and the parties thereto are precisely the same as the subject-matter and the parties in and to the case in hand. The rights and interests of the appellants, and each of them, in and to the land in controversy, are largely dependent upon, and, indeed, are to be measured and determined by, the provisions of the judgment and decree under which they claim to have acquired title to such land. Besides, the only objection urged by the appellants' counsel to the sufficiency of the fourth paragraph of complaint is based upon the provisions of the judgment and decree of the court in 1871. It is too late now for the appellants, or either of them, to call in question any of the provisions of that judgment and decree. They were parties to that judgment and decree; they had their " day in court" in connection therewith, not only in the trial court, but also in this court, where, upon their own appeal, the judgment and decree were, in all things, affirmed. They are absolutely bound and concluded by each and every provision of that judgment and decree, and neither of them could acquire any title or interest thereunder in or to the land in controversy, except by a substantial compliance with all such provisions.

When, after pleading such judgment and decree, it was further alleged in the fourth paragraph of complaint that, under an order of sale issued thereon, the land had been sold by the sheriff to C. F. Rooker for the small sum of $165, in

1873, and that neither he nor his assignee, Margaret Mc-Caslin, had paid, within sixty days from such sale, as required by the court, the balance due the State from William Mc-Caslin, as found and adjudged by the court, including interest, but that, although more than seven years had elapsed, the judgment was wholly unpaid, we need not argue for the purpose of showing that the fourth paragraph stated a good cause of action against each and both of the appellants.

The State of Indiana owned in fee simple the real estate in controversy. By section 26 of "An act to establish a House of Refuge," etc., approved March 8th, 1867, in force from its passage, after describing the land in controversy, it is provided as follows: "The governor and said commissioners are hereby authorized to sell the same for cash or on credit, and apply the proceeds thereof towards the purchase of other grounds and the erection of suitable buildings for the institution, and, upon full payment of the purchase-money in such case, the governor is authorized, in the name of the State, to execute a deed to the purchaser, attested by the secretary and seal of the State." 1 R. S. 1876, p. 549.

For aught that is shown to the contrary in the record of this cause, the State of Indiana still owns the land in fee simple, and is entitled to the possession thereof. This is settled, and settled conclusively, against each and both of the appellants, in *McCaslin* v. *State, ex rel., supra.* Unless it is shown by the record that the appellants, or one of them, acquired the State's title to the land in some legal manner, under or subsequent to the judgment and decree of the court in 1871, it must be held, we think, that the judgment in the case now before us, in favor of the State, is right, and ought to be affirmed.

The appellants jointly answered by a general denial; and each of them filed a separate special paragraph of answer, William McCaslin in abatement, and Margaret McCaslin in bar, of the relator's action. The court sustained the relator's demurrers to these separate special paragraphs of answer, and

these rulings are properly assigned here as errors. In her separate answer the appellant Margaret McCaslin alleged that she then was, and for more than ten years past had been, the wife of her co-appellant; that she was not then, and never had been, indebted to the State of Indiana in any sum of money; that she was the owner, in her own right, of sixty-five acres of land on the — day of June, 1867, described as follows: (description omitted); that, at the time last mentioned, such real estate was of the value of $6,000; that the State of Indiana took a mortgage upon said land to secure the payment of a debt owing from the appellant William Mc-Caslin to the State, for the unpaid purchase-money of the land described in the relator's complaint; that the State, upon a foreclosure of said mortgage, purchased the mortgaged land at sheriff's sale; that prior to the bringing of the action by the State to foreclose such mortgage on her separate real estate, an agreement was made in that behalf, on her separate account, with the State of Indiana, through the auditor of state, Thomas B. McCarty, and also his successor in office, John D. Evans; that, under and by virtue of said agreement, she was authorized to and did receive a deed from the sheriff of Marion county, conveying to her all the right, title, claim and interest of the State in and to the real estate described in the relator's complaint, which deed was dated March 10th, 1874, and was recorded, etc.; and this paragraph of answer contains a statement of other matters, occurring since the execution of such sheriff's deed, which add nothing to the sufficiency of the paragraph, and need not be set out.

It is manifest, we think, that the question of the sufficiency of this paragraph of answer is wholly dependent upon the response which must be given to this further question, namely, was the alleged agreement of the auditors of state with the appellant Margaret McCaslin a valid and binding agreement as against the State? Were the auditors of state authorized and empowered to bind the State by any agreement in relation to the land in controversy? It needs no argument to

show that these questions must be answered in the negative. The General Assembly of the State, as we have seen, had authorized the sale, not the exchange, of the land, and had authorized the governor and the commissioners of the house of refuge, not the auditor of state, to sell the same for cash or on credit. The auditor of state had nothing whatever to do with the sale of the land, and any agreement he may have made in relation thereto with the appellants, or either of them, was and is absolutely void, and of no binding force against the State of Indiana. This proposition is so plain and so manifestly right that it hardly needs the citation of any authority in its support. A State officer can only deal or contract in relation to the property of the State, when he is authorized so to do by the express provisions of law ; and any agreement he may make, or attempt to make, in relation to such property, when he is not so authorized, is void as against the State. We conclude, therefore, that the court did not err in sustaining the demurrer to the separate special answer of the appellant Margaret McCaslin.

In his separate special answer, the appellant William McCaslin, stated at length all the facts showing, or tending to show, that all his interest, right, title or claim, in or to the land in controversy, had been sold and conveyed away from him by the sheriff of Marion county. This answer was pleaded in abatement of the action as against William McCaslin; but, whether pleaded in abatement or in bar, we think the answer was clearly bad on demurrer. The relator sought in this action, among other things, to enforce the judgment and decree which the State, in 1871, recovered against William McCaslin and his wife, to recover for the State the possession of the land in controversy, which possession the McCaslins unlawfully withheld from the State, and to quiet the State's title to the land as against both the appellants. It is very clear that the sale and conveyance of William McCaslin's title to or interest in the land would neither abate nor bar the relator's action. The answer was pleaded to the

entire complaint, and is in palpable violation of the well settled rule of pleading, under the code, which requires that an answer must be responsive to the entire complaint, or to so much thereof as it purports to answer, or it will be held bad on demurrer, for the want of sufficient facts. *Smith* v. *Little,* 67 Ind. 549; *Frazee* v. *Frazee,* 70 Ind. 411; *Douch* v. *Bliss,* 80 Ind. 316.

The next alleged error, of which complaint is made by the appellants' counsel, is the refusal of the court to grant the appellant Margaret McCaslin leave to file a cross complaint herein. It is sufficient for us to say, that this alleged error of the trial court is not so saved in, nor shown by, the record of this cause, as to present the ruling complained of, for our consideration. When the ruling was made, the record shows that the appellant Margaret excepted, and sixty days were given her to prepare and file her bill of exceptions; but it does not appear that such bill was ever filed. It is true, that the clerk below copied into the transcript before us what purports to be the cross complaint, which the appellant Margaret McCaslin asked leave of the court to file. But the court refused to allow it to be filed, it never was filed, and it does not constitute a part of the record. This is settled by many decisions of this court. *Stott* v. *Smith,* 70 Ind. 298; *Dunn* v. *Tousey,* 80 Ind. 288; *Peck* v. *Board, etc.,* 87 Ind. 221; *Scotten* v. *Randolph,* 96 Ind. 581.

Upon the trial of the cause by the court, the Honorable Ralph Hill presiding as special judge by agreement of the parties, there was a general finding in favor of the State against both of the appellants, upon the second, third and fourth paragraphs of complaint. A part of the finding of the court was, "that the State of Indiana is entitled to recover of and from said William McCaslin and Margaret J. McCaslin the sum of fourteen hundred dollars damages, for the wrongful detention of the land, and for timber cut off and carried away from the land." The court rendered a judg-

ment and decree, in accordance with its finding, in favor of the State and against both of the appellants.

Errors are assigned by the appellants upon the overruling of their joint and separate motions for a new trial.    We think the finding of the court is abundantly sustained by the evidence.    Indeed, it seems to us that there was no legal evidence to the contrary.    The alleged agreement of the auditors of State was absolutely void.    The sheriff's sale and conveyance did not operate to convey the State's title to the land, because the terms of the decree were never complied with.    The sale for taxes was invalid and void, because the State's land was not subject to taxation.

But it is claimed that the finding and judgment against the appellant Margaret J. McCaslin were erroneous, and can not be sustained, because she was a married woman during the entire time covered by the relator's complaint.    The evidence shows, however, that she was the principal tort-feasor in the wrongs complained of by the relator.    She claimed to own the land; she refused to surrender the possession; and it was shown that William McCaslin was simply her agent.    The court was justified in finding, as we may assume that it did, that the wrongs of which the relator complained were her personal torts, committed by her, not in company with nor by the order of her husband.    Under the law of this State, as it was at the time of the commencement of this suit, and prior to September 19th, 1881, husband and wife were jointly liable in damages for such torts of the wife.    *Ball* v. *Bennett,* 21 Ind. 427; *Stockwell* v. *Thomas,* 76 Ind. 506.

The court further found, and decreed accordingly, "that the State of Indiana is entitled to crops, grass, corn and other crops now growing upon the land, including the wheat now cut and shocked thereon."    It is claimed that this finding and decree were erroneous.    We do not think so.    Where, as in this case, the plaintiff in ejectment recovers the land, he is entitled to the crops thereon, growing or cut and shocked thereon, which were planted after the action was commenced.

Adams Eject. (4th ed.) 416 ; *Lane* v. *King,* 8 Wend. 584; *McLean* v. *Bovee,* 24 Wis. 295 ; *Rasor* v. *Qualls,* 4 Blackf. 286.

It appears to us from the record before us " that the merits of the cause have been fairly tried and determined in the court below," and in such a case the statute forbids that any "judgment shall be stayed or reversed, in whole or in part." Section 658, R. S. 1881.

The judgment is affirmed, with costs.

Filed Jan. 10, 1885. Petition for a rehearing overruled March 13, 1885.