STATE EX REL. INDIANA DEPARTMENT OF CONSERVATION
*v.* PULASKI CIRCUIT COURT ET AL.

[No. 28,858. Filed October 22, 1952.]

*J. Emmett McManamon,* Attorney General; *Fred A. Wiecking, Nicholas W. Sufana,* and *Obed T. Kilgore,* Deputy Attorneys General for relator.

*James R. White,* of Winamac, for respondents.

GILKISON, J.—A petition for the construction of a drainage ditch in Pulaski County, Indiana, was filed in the respondent court by a number of separate real estate owners of the county. The action was a special statutory proceeding under Section 4 et seq. of Chapter 264, Acts 1933 and amendments thereof, being §27-104 *et seq.* Burns' 1948 Replacement.

Among the real estate mentioned in the petition as affected by the proposed improvement is the northeast quarter of the northwest quarter of section twenty-four, and the southeast quarter of the southwest quarter of section thirteen, all in township thirty-one north, range two west and containing eighty acres. This real estate belongs to the state of Indiana.

In due time the Indiana Department of Conservation appeared specially and filed its plea in abatement to the proceeding, averring among other things, as follows:

(1)  That the lands aforedescribed belong to the state of Indiana.

(2)  That this real estate is under the care, custody and control of the Conservation Department, and is not swamp lands.

(3)  That there is no statute consenting that the state may be made a party to a drainage proceeding where the affected lands belonging to the state are under the care, custody and control of the Indiana Department of Conservation; and no statute consenting that such a department may be made a party in such proceedings. That there is no statute providing for the payment of any assessment against such lands. That the respondent court does not have and cannot acquire jurisdiction in this case over lands owned by the state, in the absence of a consent statute.

The plea in abatement was put at issue in the trial court, and upon trial thereof by the court on November

14, 1951, a finding and judgment was rendered that the action should not abate, the plea was overruled and the state was ordered to plead over. The cause is numbered 14,024 in respondent court.

Relator filed its verified petition for a writ of prohibition in this court on December 3, 1951 in proper form, averring among other things that the respondent court is without jurisdiction in said cause No. 14,024 pending in its court, in so far as it may affect the state's real estate, and the assessment of benefits, or costs and expenses against it in the action, and praying for a writ of prohibition, prohibiting it from acting further in the cause in so far as the state's real estate is concerned.

We issued the temporary writ.

A response has been filed, in which respondents assert:

(1) That they have full and complete jurisdiction in the drainage proceeding noted, and (2) that respondents' remedy in the matter is by an appeal if and when an assessment has been made and established against the lands of the state.

A single question is presented for our determination, thus: Do the constitution and laws of the state of Indiana authorize citizens of the state to make the state a party to a drainage ditch proceeding seeking to affect its park lands no part of which are swamp lands and make them subject to the payment of assessments of benefits and payment of costs of the proceedings?

On this subject the state constitution provides:

"Provision may be made, by general law, for bringing suit against the State, as to all liabilities originating after the adoption of this Constitution; but no special act authorizing such suit to be brought, or making compensation to any person

claiming damages against the State, shall ever be passed." Art. 4, §24 State Constitution.

We find that the legislature has passed a general law authorizing suits to be brought against the state by persons having or claiming to have a money demand against it, arising out of contract, by filing suit in the superior court of Marion County, Indiana. Section 4-1501 Burns' 1946 Replacement. But this action is not concerned with the provision of the statute.

The law seems to be quite general that a state cannot be sued by a citizen without its consent. *State* v. *Mutual Life Ins. Co.* (1910), 175 Ind. 59, 71, 93 N. E. 213, 42 L. R. A. (N. S.) 256. *Hogston* v. *Bell* (1916), 185 Ind. 536, 548, 112 N. E. 883. *Ford Motor Co.* v. *Treasury Dept.*, 323 U. S. 459, 464, 89 L. Ed. 389, 394. *State* v. *Roberts* (1948), 226 Ind. 106, Dissent 129, 76 N. E. 2d 832, 78 N. E. 2d 440.

When it is necessary to accomplish the drainage or reclamation of wet lands the court may order the construction of the drain over and across swamp lands owned by the state. Section 27-401, Burns' 1948 Replacement. The statute provides for the proceedings required to bind the state and its lands, §§27-402 to 27-408 inc. Burns' 1948 Replacement. But there is no pretense in this matter that the affected lands of the state are swamp lands or that the statutes noted have been followed or are involved in the proceeding now before us.

It has been held frequently that drainage proceedings are wholly statutory. *Kaufman* v. *Alexander* (1909), 173 Ind. 136, 139, 88 N. E. 502. *Kilty* v. *Michael* (1921), 190 Ind. 374, 382, 130 N. E. 531. *Taylor* v. *Strayer* (1906), 167 Ind. 23, 27, 78 N. E. 236. It is a familiar rule that:

"A court has no power to do anything which is not authorized by law and when its procedure is de-

fined by a special statute, its judicial functions are essentially controlled thereby, and the remedy is confined to the mode prescribed, and the procedure so provided excludes resort to another or different procedure. *Lowery* v. *State Life Ins. Co.*, 1899, 153 Ind. 100, 104, 54 N. E. 442; *Ryan et al.* v. *Ray et al.*, 1885, 105 Ind. 101, 106, 4 N. E. 214; *Bartlett et al.* v. *Mannor et al.*, 1897, 146 Ind. 621, 625, 45 N. E. 1060; *Hudson* v. *Voreis, Trustee*, 1893, 134 Ind. 642, 643, 34 N. E. 503, 504, and cases cited. See also *Drinkwater et al.* v. *Eikenberry et al.*, 1946, 224 Ind. 84, 95 64 N. E. 2d 399. Freeman on Judgments 5th Ed. §355, p. 737."

*Underhill* v. *Franz* (1951), 230 Ind. 165, 173, 101 N. E. 2d 264, 267.

We have been unable to find any statute, authorizing the inclusion of state owned lands, other than swamp lands, in drainage proceedings so as to make such lands subject to assessments of benefits, and to the payment of costs.

Respondents contend that a ditch proceeding is an action in rem and does not seek a personal judgment, and that this court in the recent cases of *State* v. *Roberts* (1948), 226 Ind. 106, 78 N. E. 2d 446 and *Myers* v. *Sell* (1948), 226 Ind. 608, 81 N. E. 2d 846, 82 N. E. 2d 81 has held that the state may be brought into drainage proceedings where its highways are effected, and that, therefore, it can and should be brought in where state park lands are affected.

We have carefully considered the two cases noted. It is probable there are statements in the majority opinion in each of those cases that justifies respondents in the position they take. However, in those cases there was no attempt to make any state lands assessable for benefits, or to tax any costs against the state. The state's highway was to be affected only by the enlargement of the ditch where it crossed

the highway. In each case the majority opinion specifically exempted the state from that part of the judgment requiring it to build a bridge over the ditch crossing the highway. Apparently the majority of the court determined that the trial court was without jurisdiction to order the state to build the bridge. Thus a majority of our court allowed the drainage reconstruction project to destroy the state's bridge over the ditch crossing the highway, and left the state without legal relief for the resulting damages. The cases are distinguishable from the case at bar, in the matters noted, but to the extent they, by dicta or otherwise, hold that the state may be made a party in a ditch proceeding, without the existence of a consent statute, so as to subject its real estate other than swamp lands, to benefit assessments and costs, they are disapproved. Consent to be made a party in such a proceeding can be given by the state only by a legislative enactment clearly evincing such consent. *State* v. *Mutual Life Ins. Co.* (1916), 175 Ind. 59, 71, supra, and cases there cited. *Hogston* v. *Bell* (1916), 185 Ind. 536, 548, supra. *State* v. *Roberts* (1948), 226 Ind. 106. Dissent page 129 *et seq. supra,* and cases there cited.

The courts are without jurisdiction, by inference, presumption, construction, indirection or otherwise to give such consent. *Shoemaker, Aud. of State* v. *The Board of Comm'rs. of Grant Co. and Another* (1871), 36 Ind. 175, 186. *State* v. *Roberts* (1948), 226 Ind. 106, Dissent page 129 *et seq. supra.*

It is proper to note that this action is brought to exempt the state from liability in the ditch proceeding pending in respondents' court, and that the temporary writ issued herein, accomplishes that purpose only, without affecting the proceedings in any other manner. A judgment may be valid in part

because within the jurisdiction of the court and void in part for want of jurisdiction. *Underhill* v. *Franz et al.* (1951), 230 Ind. 165, 173, 101 N. E. 2d 264, 267, *supra.*

Since the state has not consented in the manner provided by the constitution that its real estate, other than swamp lands, may be affected by a proceeding under the state's drainage laws. (Sections 27-101 to 27-146 inclusive) the temporary writ of prohibition issued herein is made permanent.

NOTE.—Reported in 108 N. E. 2d 185.