STATE OF INDIANA ET AL. *v.* YOUNG ET AL.

[No. 29,507. Filed July 2, 1958.]

*Edwin K. Steers,* Attorney General, *Frank X. Haupt, Richard G. Stewart,* Deputy Attorneys General and *W. O. Hughes,* of Fort Wayne, for appellants.

*Shoaff, Keegan & Baird* and *Robert Y. Keegan,* of Fort Wayne, for appellees.

EMMERT, J.—This is an appeal from a judgment perpetually enjoining the State of Indiana and the State Highway Department of Indiana from the commission of threatened trespasses or assertion of title or claim of title to certain real estate owned by appellees Raymond M. Young and B. D. Hayes, a partnership doing business as Fort Wayne Oil Company. The several assigned errors will be decided by a determination of the effect of §36-2940, Burns' 1949 Replacement, and the liability of the State of Indiana in this action against it.

The appellees on September 23, 1953, by warranty deed purchased 1.12 acres of land immediately south of the junction of Old Trails Road and State Roads 1 and 3, which form a triangular area. The deed by its terms was subject to a right-of-way for State Roads 1 and 3, which ran approximately north and south, for 50 ft. west of the center line of said highway; and subject to a right-of-way for a public highway known as the Old Trails Road (formerly State Road 1), which extended generally northeast and southwest, for a distance of 30 ft. east and southeast of the center line of said highway. The intersection of the two highways made a triangular tract, and the area in controversy was at the north end of the 1.12 acres of land, and extended south and southeast approximately 108 ft. along the sides, with the base thereof approximately 58 ft. in width. Whiting Alden and Dorothy Alden, former owners of the real estate, on June 24, 1939, executed the grant to the State of Indiana for a right-of-way for highway purposes for the triangular area in dispute. This grant was never recorded, and subsequent grantees, including the appellees, never had actual notice thereof.

Chapter 139 of the 1939 Acts provided as follows:

"Whenever any right-of-way or easement for any state highway is acquired, an accurate description of all such rights-of-way and easements shall be filed by the state highway commission in the office of the recorder of the county in which such real estate is located, and such description shall be recorded in the deed records of said county, and no fee shall be charged by recorders for such filing and recording." Section 36-2940, Burns' 1949 Replacement.

This Act became effective June 14, 1939. 12 Burns' Indiana Statutes, 1953 Replacement, p. 2. Appellants contend the Act is unconstitutional, and that the appellees were bound by the grant as a matter of law.

Admittedly, §36-2940, Burns' 1949 Replacement, could have been more complete in its provisions, yet it should be construed in *pari materia* with §§49-3209 and 56-131, Burns' 1951 Replacement.[1] Section 56-131, Burns' 1951 Replacement, requires the Recorder to keep a record of instruments left with him to be recorded, noting the date and time of reception of the instrument, the names of the grantors, the names of the grantees, a description of the lands, and volume and page of the record where recorded. A grant for right-of-way purposes to the State of Indiana when duly recorded is constructive notice to all subsequent purchasers of the lands, or any interest therein.

---

1. "Such recorder shall record all instruments of writing, proper to be recorded, in the order of priority of time at which each was delivered at his office for record, and shall also make a complete index of all such instruments so recorded, for each volume thereof, in the manner following: The name of each grantor, promisor or covenantor, in alphabetical order, referring to the proper grantee, promisee or covenantee, and also the name of each grantee, promisee or covenantee, in the same order, referring to the proper grantor, promisor or covenantor." Section 49-3209, Burns' 1951 Replacement.

It is quite evident that the legislative purpose, in common with other recording Acts, evidenced by §36-2940, Burns' 1949 Replacement, was to protect subsequent bona fide purchasers for value against prior and secret unrecorded grants to the State of Indiana, and the Act should be liberally construed to effectuate that purpose. *Fort* v. *Burch* (1949), 6 Barb. (N. Y.) 60, 69; Tiffany, Real Property (3rd Ed.), §1262, p. 14, 27 Ind. L. Jl. 101, 104. "Recording acts were passed for the purpose of providing a place and a method by which an intending purchaser or encumbrancer can safely determine just what kind of a title he is in fact obtaining. A record of the titles to land is made and kept so that the title and its history may be preserved and protected, and that all persons may obtain knowledge of the state of titles to real estate by deeds and conveyances, and also of all charges and encumbrances. It is recognized that intending purchasers and encumbrancers should be protected against the evils of secret grants and secret liens and the subsequent frauds attendant upon them." 45 Am. Jur., p. 435, §29. The purpose is now so well established that it was unnecessary for the Act to specifically state that subsequent bona fide purchasers and lienholders should be protected against prior conveyances and liens not made of record.

Nor is there any merit in appellants' contention the Act is unconstitutional and in violation of §23 of Article 1 or §23 of Article 4 of the Constitution of Indiana. It is unnecessary to review the many Acts of the General Assembly providing statutory procedure for political subdivisions of the State, where the acquiring of a right-of-way for streets, public alleys or highways is made a matter of local public record, but it is sufficient to note that these local record requirements fur-

nish a sufficient and reasonable basis for classifying in a different category the acquiring of a right-of-way by the State of Indiana for state highway purposes. The Act is constitutional.

The original wooden surveying stakes, which furnished the means for identification of the grant executed June 24, 1938, were not seen by anyone after 1940. The trial court was fully warranted in finding that there were no stakes, monuments or markers on the disputed land or near thereto which carried notice to the appellees that the State had or claimed any interest in the triangular tract in dispute. Under this record the appellees were bona fide purchasers of value without notice, either actual or constructive.

The evidence is clear that the agents of the State did threaten repeated and continuing trespasses on the land, which made the controversy a proper subject for intervention of equity by way of injunction. The area in dispute was rented for business purposes, and there was a threat to interfere with the business. See *Thomas* v. *Lauer* (1949), 227 Ind. 432, 86 N. E. 2d 71.

The State of Indiana was made a party defendant, and it was enjoined by the judgment. The Attorney General calls to our attention the rule that the State is immune to suit unless it is waived by statute. The Constitution provides the only manner in which the State may be sued. "Provision may be made, by general law, for bringing suit against the State, as to all liabilities originating after the adoption of this Constitution; but no special act authorizing such suit to be brought, or making compensation to any person claiming damages against the State, shall ever be passed." Section 24, Art. 4, Constitution of Indiana.

In *State ex rel. Dept. of Conservation* v. *Pulaski Circuit Court* (1952), 231 Ind. 245, 251, 108 N. E. 2d 185, we carefully reviewed the precedents and held, ∎ "Consent to be made a party in such a proceeding can be given by the state only by a legislative enactment clearly evincing such consent. *State* v. *Mutual Life Ins. Co.* (1916), 175 Ind. 59, 71, supra, and cases there cited. *Hogston* v. *Bell* (1916), 185 Ind. 536, 548, supra. *State* v. *Roberts* (1948), 226 Ind. 106. Dissent page 129 *et seq.* supra, and cases there cited." There is no statute authorizing a judgment against the State in such a proceeding as the one at bar, and for this reason the judgment must be reversed as to the State. However, it is to be noted that the facts here do not present a case where the State brings an action, and so consents to the ordinary rules of pleading and practice of the forum.[2] Where the State is a Plaintiff, it is subject to a cross action the same as any other litigant.[3]

But the State's immunity from suit without its consent does not extend to its officers, agents and employees unless the action be one in substance against the ∎∎ State. See *Ford Motor Co.* v. *Department of Treasury of the State of Indiana* (1945), 323 U. S. 459, 65 S. Ct. 347, 89 L. Ed. 389. If the State's officers or agents exceed their constitutional or statutory

---

2. "When the State becomes a suitor in any of the courts, it is as much bound by the laws of the land, by the rules of pleading and practice, and by the decisions and judgments of the courts, inferior or superior, as any other suitor." *State ex rel. Hord* v. *Board of Comm'rs of Washington Co.* (1885), 101 Ind. 69, 74.

3. "Although the State cannot be sued, yet, when it goes into the courts to recover property, it goes as any other suitor, and must accord to the defendant the right to file a cross complaint and have the title litigated, settled, and quieted. *State, ex rel.,* v. *Board, etc.,* 101 Ind. 69 (74)." *State,* v. *Portsmouth Savings Bank* (1886), 106 Ind. 435, 463, 7 N. E. 379.

authority by committing or threatening to commit torts, they become personally liable to suit, and they may be enjoined if equity would give such remedy against a private person. "From an examination and analysis of the authorities, it appears to be the rule that courts of equity have no jurisdiction to enjoin actions at law by a state, but that they have jurisdiction to enjoin officers who, under color of authority of unconstitutional or void legislation by the state, are guilty of personal trespasses, wrongs, infringements or encroachments upon the property of an individual in violation of his constitutional rights, . . ." *State ex rel. Fry v. Superior Court of Lake County* (1933), 205 Ind. 355, 363, 364, 186 N. E. 310. "If, however, the officer is acting in breach of trust, or unlawfully or without authority or threatening to do so or if it will require a multiplicity of suits at law to obtain redress, he may be enjoined. 32 C. J. 240." *Sweigart* v. *State* (1938), 213 Ind. 157, 163, 12 N. E. 2d 134, 114 A. L. R. 1117. Here the employees of the State were threatening continuing and repeated trespasses on the land in controversy which appellees were entitled to prevent by injunction. Appellants raise no issue as to the form of the judgment exclusive of the State, and we express no opinion on the liability of the Department to suit had that question been properly presented.

Judgment reversed as to the State of Indiana, and affirmed in all other respects.

Bobbitt, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 697.