**John William BLASKO and Lee Ann Paluzzi, Appellants–Plaintiffs,**

v.

**MENARD, INC., Park Plus Development, Inc., St. Joseph Valley Memorial Park, Inc., State of Indiana, and Indiana Department of Transportation, Appellees–Defendants.**

No. 71A03–0412–CV–549.

Court of Appeals of Indiana.

July 26, 2005.

Rehearing Denied Oct. 3, 2005.

Donald E. Wertheimer, South Bend, for Appellants.

Don G. Blackmond, Jr., South Bend, for Amicus Curiae Board of Commissioners of St. Joseph County.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, for Appellees State of Indiana and Indiana Department of Transportation.

Michael H. Michmerhuizen, Tina M. Bell, Fort Wayne, for Appellee Menard, Inc.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Plaintiffs John William Blasko and Lee Ann Paluzzi (collectively "Blasko") appeal the trial court's order granting summary judgment in favor of Appellees–Defendants State of Indiana and Indiana Department of Transportation ("the State") and Menard, Inc. ("Menard"). We affirm.[1]

### Issue

Blasko raises one issue, which we restate as whether the trial court erred in granting summary judgment to the State on his quiet title action because the State is exempt from payment of property taxes, and thus he did not properly acquire a tax title deed.

### Statement of Facts

The facts surrounding the controversy at issue are not disputed by the parties. In 1996, the State purchased a 4.213–acre tract in St. Joseph County ("the Property") for $550,000 from Park Plan Development Corporation. The Property contains a retention pond and serves as part of the drainage system for the Indiana Toll Road, State Road 23, and a Menards store. In 1998, the County made a drainage assessment against the Property, which was not paid by the State. In 1999, the County Auditor issued a Notice of Tax Sale for the Property, based upon a $286.46 deficiency for the unpaid assessment. The notice to the State was returned as undeliverable. On October 4, 1999, Christopher Paluzzi ("Paluzzi") purchased the Property at a tax sale and received a Certificate of Purchase dated October 4, 1999. On June 9, 2000, the County issued a Notice of Parcel Sold and a Notice of Tax Sale Redemption

---

1. We hereby grant the Board of Commissioners of St. Joseph County's ("the County") motion to appear as amicus curiae.

or Issuance of Deed to the State, which again was returned as undeliverable. On October 20, 2000, the County Auditor issued a Tax Title Deed in Paluzzi's favor, which was recorded on November 3, 2000. Paluzzi later assigned Blasko his interest in the Property via a quitclaim deed.

On August 6, 2002, Blasko filed a Complaint to Quiet Title. On April 24, 2003, the State filed a Motion to Dismiss, which was later converted into a motion for summary judgment. On March 23, 2004, the State renewed its motion for summary judgment, and the trial court conducted a hearing on May 19, 2004. Blasko filed a cross-motion for summary judgment on May 27, 2004. The trial court granted the State's motion and denied Blasko's motion on June 10, 2004. Blasko filed a motion to correct error, which was denied. This appeal ensued.

## Discussion and Decision

### A. Standard of Review

Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. When reviewing a grant of summary judgment, this Court applies the same standard as the trial court. *Best Homes, Inc. v. Rainwater*, 714 N.E.2d 702, 705 (Ind.Ct.App.1999). We must determine whether there is a genuine issue of material fact requiring trial, and whether the moving party is entitled to judgment as a matter of law. *Id.* Neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. *Id.*

A party seeking summary judgment bears the burden to make a prima facie

showing that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. *Am. Mgmt., Inc. v. MIF Realty L.P.*, 666 N.E.2d 424, 428 (Ind.Ct.App.1996). Once the moving party satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the non-moving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. *Id.* Further, the fact that the parties have made cross-motions for summary judgment does not alter our standard of review. *Metal Working Lubricants Co. v. Indianapolis Water Co.*, 746 N.E.2d 352, 355 (Ind.Ct.App.2001). Rather, we consider each motion to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

### B. Analysis

Blasko argues that the State received sufficient notice of the tax sale and that the State is not exempt from special drainage assessments. The County agrees with Blasko concerning the special assessments, but disagrees with respect to the notice issue. Similarly, Menard argues that notice was insufficient, and the State incorporates Menard's and the County's argument on this issue. The State further contends that the County may not tax the State for special assessments. Because this latter issue is dispositive, we do not address the notice issue.[2]

 Our review necessarily revolves around the analysis and interpretation of two sets of statutes: the property tax statutes under Indiana Code Section 6–1.1 and the drainage laws under Indiana Code Sec-

---

**2.** Although we do not address the notice issue, we note that Indiana Code 36–9–27–110 requires that notice to the State, for purposes of the drainage laws, must be made to the

"department or agency, if any, charged by law with the maintenance, supervision, or control over the state owned land that is affected."

tion 36–9–27. The interpretation of a statute is a question of law reserved for the courts, which we review de novo. *State v. Rans*, 739 N.E.2d 164, 166 (Ind.Ct.App. 2000), *trans. denied*. If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Montgomery v. Estate of Montgomery*, 677 N.E.2d 571, 574 (Ind.Ct.App.1997). However, when the language is susceptible to more than one construction, we must construe the statute to determine the apparent legislative intent. *Id.* In this respect, our Supreme Court summarized the task of an appellate court as follows:

> We ascertain and implement legislative intent by "giving effect to the ordinary and plain meaning of the language used in the statute." The statute is examined and interpreted as a whole and the language itself is scrutinized, including the grammatical structure of the clause or sentence at issue. Within this analysis, we give words their common and ordinary meaning, without "overemphasizing a strict literal or selective reading of individual words."

*Clifft v. Ind. Dep't of State Revenue*, 660 N.E.2d 310, 316 (Ind.1995) (internal citations omitted).

■ Under Indiana Code Section 36–9–27–62, a county's drainage board may prepare drainage assessments against land benefited by a proposed drain, and may set forth the amount each owner of such land owes based upon the total cost of the drain.[3] "The percentage of the total cost of the drain allocated to all lands benefited must be at least one hundred percent (100%) or as near to one hundred percent

(100%) as is practicable." Ind.Code § 36–9–27–62(a)(1). Because Section 62(a)(1) does not appear to exempt any owners from such assessments, Blasko and the County contend that the State is not exempt from paying the taxes determined based upon such special assessments. Further, both argue that if the State is exempt from paying its assessment, the legislative intent under the statutory scheme will not be met because 100 percent of the cost will not be paid.

While we agree that Section 62(a)(1) requires the cost of a drain to be allocated among the lands benefited by the drain, we note that a 100 percent allocation is only required "as is practicable." Where State lands benefit from the drainage, an allocation of 100 percent of the cost of the drain may not be practicable if the State is not required to pay the assessment. Accordingly, our resolution of this case turns on whether the State is exempt from payment of such assessments.

The State argues that under Indiana Code Section 6–1.1–10–2, property owned by the State of Indiana is exempt from property taxation. Accordingly, the State contends that the County's sale of the Property was void. *See McCaslin v. State*, 99 Ind. 428, 442, 1885 WL 4196 (1885) ("sale for taxes was invalid and void, because the State's land was not subject to taxation"), *reh'g denied.*

In response, Blasko and the County point to Indiana Code Section 6–1.1–11–9, which provides:

> (a) Except as provided in subsection (b) of this section, all property otherwise

---

**3.** From the record presented on appeal, it is unclear what the basis of the drainage assessment was. However, as Blasko, the State, and the County cite to Section 62, which applies to the assessment of cost for proposed drains, we assume for purposes of this appeal that the County had constructed a drain that benefits the Property. We note, however, that a county's drainage board may also determine assessments to cover the costs of maintaining drains, *see* Indiana Code § 36–9–27–39, and the County referred to "drainage maintenance assessments" during the summary judgment hearing. Tr. at 7.

subject to assessment under this article shall be assessed in the usual manner, whether or not it is exempt from taxation.

(b) No assessment shall be made of property which is owned by the government of the United States, this state, an agency of this state, or a political subdivision of this state if the property is used, and in the case of real property occupied, by the owner.

Although Section 9(b) seemingly supports the State's position, Blasko and the County correctly note that Section 9(a) applies to assessments made "under this article," i.e., Article 1.1, which is limited to property tax assessments. However, property taxes are not collected from the State because the State is exempt from property taxation. Ind.Code § 6–1.1–10–2. Moreover, Indiana Code Section 36–9–27–86(c) provides:

> For purposes of the collection of any assessment, the assessments are considered taxes within the meaning of IC 6–1.1, and they shall be collected in accordance with the property tax collection provisions of IC 6–1.1 . . . .

Because Section 86(c) mandates that drainage assessments be considered taxes under Indiana Code Section 6–1.1, the State must also be exempt from payment of such assessments.

Although no cases have addressed this issue under the current statutory scheme, our Supreme Court reached the same conclusion under prior statutes in *State ex rel. Ind. Dep't of Conservation v. Pulaski Circuit Ct.*, 231 Ind. 245, 108 N.E.2d 185 (1952). In that case, our Supreme Court noted, "We have been unable to find any statute, authorizing the inclusion of state owned lands, other than swamp lands, in drainage proceedings so as to make such lands subject to assessments of benefits,

and to the payment of costs." *Id.* at 250, 108 N.E.2d at 187.

Similarly, in the present case, we can find no statute that expressly authorizes local drainage boards to make State property subject to payment of local drainage assessments. In fact, upon considering the drainage laws and property tax laws together, the opposite is true. Because the State is exempt from the payment of drainage assessments, no taxes were due, and the tax sale was void *ab initio*. *See Bank One Trust No. 386 v. Zem, Inc.*, 809 N.E.2d 873, 878 (Ind.Ct.App.2004) (citing *McCaslin v. State*, 99 Ind. at 442), *trans. denied*. Accordingly, the trial court properly granted summary judgment in favor of the State and denied Blasko's motion for summary judgment.

Affirmed.

FRIEDLANDER, J., and ROBB, J., concur.