**CITY OF KOKOMO, Indiana, and Kokomo Board of Public Works and Safety, Appellants–Defendants,**

v.

**John J. ISEMINGER and Professional Firefighters of Kokomo Local 396, Inc., Appellees–Plaintiffs.**

No. 34A02–0701–CV–54.

Court of Appeals of Indiana.

July 2, 2007.

**1170** ■

and enjoining the Board from holding additional hearings on the charges.

We reverse.

Geoffrey Slaughter, Sommer Barnard PC, Indianapolis, Mark Hurt, Kokomo, IN, Attorneys for Appellants.

John F. Kautzman, Andrew R. Duncan, Ruckelshaus, Kautzman, Blackwell, Bemis & Hasbrook, Indianapolis, IN, Attorneys for Appellees.

## FACTS AND PROCEDURAL HISTORY

On June 9, 2006, Kokomo firefighter Iseminger reported to duty and participated in an emergency run while under the influence of alcohol. On August 22, 2006, Kokomo Fire Department Chief Dave Duncan ("Chief Duncan") filed disciplinary charges against Iseminger alleging that he violated the Department's rules and regulations as well as Indiana statutes. Chief Duncan mailed notice of the charges to Iseminger and informed him of his right to request a hearing with the Board. After receiving the notice, Iseminger requested a hearing pursuant to IC 36–8–3–4(c).[1]

In November 2006, just minutes before the scheduled hearing, Chief Duncan's counsel told the Board that Chief Duncan, Iseminger, and the Union, had reached a private settlement agreement, which disposed of all disciplinary charges and included a penalty of more than five days of suspended leave without pay. Iseminger subsequently tendered a settlement notice to the Board and withdrew his request for a hearing. The settlement agreement itself was never tendered to the Board.

Late in November 2006, counsel for the Board notified Iseminger, the Union, and Chief Duncan that the Board would not recognize the parties' agreement until the Board was apprised of the facts and approved the settlement. Thereafter, the Board scheduled another disciplinary hearing in December 2006. Before the hearing, Iseminger and the Union filed a

## OPINION

KIRSCH, Judge.

The City of Kokomo ("City") and the Kokomo Board of Public Works and Safety ("Board") appeal the trial court's declaratory judgment in favor of John Iseminger ("Iseminger") and the Professional Firefighters of Kokomo Local 396, Inc., ("Union") and order enjoining the Board from holding any further hearings related to the disciplinary charges filed against Iseminger. The sole issue for our review is whether the trial court erred in entering judgment in favor of Iseminger and the Union

**1.** IC 36–8–3–4(c) provides as follows:
Before a member of a police or fire department may be suspended in excess of five (5) days without pay, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing. If a member desires a hearing, the member must request the hearing not more than five (5) days after the notice of the suspension, demotion, or dismissal.

complaint for declaratory judgment and injunctive relief asking the court to enjoin the Board from holding any further hearings related to the matter and from refusing to recognize the validity of the agreement.

Following a hearing, the trial court concluded that the Board lacked the authority to either reject or approve the settlement agreement voluntarily entered into between Iseminger and Chief Duncan. The court also enjoined the Board from holding any further hearings related to the charges filed against Iseminger absent a clear showing that Iseminger had failed to comply with the terms of the agreement. The Board appeals.

## DISCUSSION AND DECISION

■ The Board contends that the trial court erred in concluding that it lacked the authority to reject or approve the agreement and in enjoining it from holding further hearings relating to the charges. In support of its contention, the Board directs us to IC 36–8–3–2, which provides as follows:

(a) The safety board of a city shall administer the police and fire departments of the city. . . .

(b) The safety board has exclusive control over all matters and property relating to the following: . . .

(2) Fire Department . . .

(c) The safety board may purchase the equipment and supplies and make the repairs needed in the department of public safety.

(d) The safety board may:

(1) adopt rules for the government and discipline of the police and fire departments; and

(2) adopt general and special orders to the police and fire departments through the chiefs of the departments.

■ The interpretation of a statute is a question of law reserved for the courts, which we will review *de novo*. *Blasko v. Menard, Inc.*, 831 N.E.2d 271, 274 (Ind.Ct. App.2005), *trans. denied.* If the language of the statute is clear and unambiguous, it is not subject to judicial interpretation. *Id.*

In a very thorough and thoughtful order in this case of first impression, the trial court concluded that boards are creatures of statute that cannot exercise power beyond that given in their creation, and that ambiguous grants of power are resolved against administrative entities. *See Adkins v. City of Tell City*, 625 N.E.2d 1298 (Ind.Ct.App.1993). Although the court is correct as to the law, we disagree with the court's application of the law to the facts of this case because the language in IC 36–8–3–2 is not ambiguous. Rather, the statute clearly states that the Board has exclusive control over all matters relating to the fire department. *See* IC 36–8–3–2(b)(2). In addition, the board may adopt rules for the government and discipline of the fire department. *See* IC 36–8–3–2(d)(1).

The settlement of a disciplinary matter such as the one in this case is consistent with the Board's authority as set forth in IC 36–8–3–2. Indeed, if the Board lacked such authority, the Board's ability to administer the Fire Department would be seriously undermined. The trial court erred in concluding that the Board lacked the authority to reject or approve the agreement and in enjoining it from holding further hearings.

Reversed.

DARDEN, J., and MATHIAS, J., concur.