SMITH ET AL. *v.* LINTON TRUST COMPANY ET AL.

[No. 9,577.   Filed December 13, 1918.]

1. EXECUTORS AND ADMINISTRATORS.—*Petition to Sell Land.—Cross-Complaint to Quiet Title.—Dismissal of Petition.—Effect.*—Where an administrator filed its petition to sell real estate to pay decedent's debts, and defendants brought a cross-action to quiet title to the land involved, the dismissal of plaintiff's petition was in effect an adjudication that plaintiff had no claim against the estate. p. 693.

2. APPEAL.—*Review.—Harmless Error.*—In an administrator's action to sell real estate to pay debts, where defendants brought a cross action to quiet title to the land involved, the dismissal of plaintiff's petition was in effect an adjudication that plaintiff had no claim against the real estate, and cross-complainants were not harmed by failure of the trial court to render judgment quieting title as against plaintiff. p. 694.

From Greene Circuit Court; *Claude E. Gregg,* Special Judge.

Petition by the Linton Trust Company, administrator of the estate of Thomas B. Smith and others, against Wilbert Smith and others, to sell real estate to pay debts of deceased. Defendants filed cross-complaints to quiet title to the real estate involved. From the judgment rendered, the defendants appeal. *Affirmed.*

*Slinkard, Vosloh & Hendren,* for appellants.
*J. B. Filbert,* for appellees.

IBACH, J.—On August 15, 1913, the Linton Trust Company, as administrator of the estate of Thomas B. Smith, filed its petition in the trial court to sell real estate owned by said deceased at the time of his death to pay debts. The appellants filed separate cross-complaints against the "Linton Trust Com-

pany,'' plaintiff, and their respective codefendants, to quiet title to separate parcels of said real estate. Upon issues formed upon said petition and cross-complaints by general denials the cause was tried by the court without the intervention of a jury, and a general finding and judgment rendered dismissing plaintiff's petition and adjudging the costs thereof against the plaintiff. It was further adjudged and decreed that appellants' respective titles should be quieted as against each other, and that they (appellants) take nothing on their respective cross-complaints as against the appellees.

The appellants filed separate motions for a new trial, which were overruled, and such rulings are assigned as error. The grounds of such motions, viz., that the decision of the court is not sustained by sufficient evidence and is contrary to law, present the controlling questions in this appeal, and such questions are identical for the purpose of discussion.

It appears from the evidence that Thomas B. Smith died, the exact date not being shown, the owner of a certain tract of land situate in Greene county, Indiana, containing fifty-eight acres, and left surviving him his widow, four adult children (appellants) and a minor child, named Martha. On November 12, 1912, the widow and adult children filed a complaint in the Greene Circuit Court, naming as sole defendant Martha Smith, minor, for partition of said land. It is alleged in said complaint, among other things, that plaintiffs have agreed to a division of said land, setting out the particular division agreed upon; that no debts exist unpaid against the estate, and no administrator is necessary; that the widow and each of said children take the respective portions of the tract

set off to them in lieu of their whole interest in said estate. A guardian *ad litem* was appointed to represent the interest of said minor child, and he filed a general denial for her. The cause was tried by the court, and a finding made that the allegations of the complaint were true, and that the parties had entered into an agreed partition which was fair and just and should be confirmed; that the value of the share of Martha Smith was the same in value as the other children, and that a commissioner should be appointed to make deeds conveying such land in accordance with the division agreed upon. Judgment was rendered on such finding on December 9, 1912, and, in accordance therewith, a commissioner was appointed, the lands conveyed, and the deeds approved by the court.

It is stipulated and agreed in this case that the judgment and partition made on December 9, 1912, as above set out, has never been attacked or set aside.

It is not claimed by appellants that the dismissal or nonsuit of plaintiff was in any sense erroneous. Indeed, their contention is that the evidence conclusively shows the debts had all been paid and satisfied, including the widow's statutory allowance, and that the administrator had no interest whatever in the lands.

1. The dismissal of plaintiff's petition by the court was in effect an adjudication that plaintiff had no claim against said real estate. This procedure seems to have precedent in other jurisdictions. 5 R. C. L. 681; *Peterson v. Gibbs* (1905), 147 Cal. 1, 81 Pac. 121, 109 Am. St. 107. Complaint of such action must come from plaintiff, if at all, and no cross-errors are assigned.

The evidence, we think, also shows conclusively as between the parties to this action that the matter of division had been agreed upon and adjudicated, and that the administrator has no interest in the lands, and neither the widow nor any of the children have any interest in said lands, excepting that conveyed directly to them by the commissioner's deeds. The partition proceeding, binding upon all the heirs and the widow, is a matter of record. Under such evidence we conclude that, although the court might have proceeded to render judgment quieting title as against the appellees, such judgment would be no more effective, or binding, than the judgment which was rendered.

In any event, no substantial right of appellants has been violated by the ruling of the trial court, and hence no reversible error is shown.

Judgment affirmed.

NOTE.—Reported in 121 N. E. 92.