## DICKERSON v. DICKERSON.

[No. 15,562. Filed October 16, 1937. Rehearing denied December 16, 1937. Transfer denied March 1, 1938.]

Raymond F. Murray, for appellant.

John O. Spahr and Scott A. McDonald, for appellee.

DUDINE, J.—This is an appeal from a judgment in an action for a limited divorce.

The issues were formed by a second amended complaint filed by appellee which prayed separation from bed and board, and a cross-complaint filed by appellant which prayed an absolute divorce. The court found for appellee on her complaint, that she should obtain a limited divorce and alimony and that appellant's cross-complaint should be dismissed. Judgment was rendered accordingly.

The complaint alleged that appellant associated with a lewd and immoral woman, and named the  woman. Appellant filed a written motion to impound the complaint as being scandalous, which motion was overruled.

Said ruling of the court is assigned upon appeal as an independent error.

Appellant contends that the complaint is a "composite of scandal and rumor . . ." and therefore should have been impounded by the court, citing *Huffman* v. *State* (1915), 183 Ind. 698, 109 N. E. 401, 109 N. E. 498. The pleading impounded in the Huffman case, *supra,* is so

different from the complaint in this case, and the difference is so apparent, that it is sufficient to say, with reference to that case, that it is not controlling here.

Appellant also cites Chapter 208, Sec. 5, Acts of 1935 (1936 supplement to Sec. 2-512 Burns 1933, §940-5 Baldwin's Supp. 1935) in support of said alleged error. That statute does give the trial court authority to impound complaints similar to the one before us, but it leaves the question to the sound discretion of the court. It provides further the statute shall be construed ". . . to regulate pleading, practice and testimony . . . so as to eliminate extortion and public scandal." The record does not show that the filing of said complaint and the court's refusal to impound it, was likely to or did result in extortion or public scandal. The record does not show an abuse of discretion by the court in overruling said motion, therefore we hold that said ruling of the court does not constitute reversible error.

Appellant also filed a motion to strike out the "scandalous" allegations from the complaint, which motion was overruled, and appellant assigns said ruling as an independent error. Said motion presents the law question which we have discussed. It will serve no good purpose to discuss the question with particular reference to the last mentioned motion to strike. It should be said here, however, that a motion to strike out part of a pleading does not constitute a basis for a reversible error on appeal. *Woodhams et al.* v. *Jennings et al.* (1905), 164 Ind. 555, 73 N. E. 1088.

Upon oral motion of appellee, and over appellant's objection, the court granted appellee permission to amend her complaint, and appellant assigns said ruling as an independent error. Appellant relies on Sec. 2-1069 Burns 1933, Sec. 461 Baldwin's 1934, which requires such motions to be in writing.

The record shows that after said motion was granted,

appellee filed the complaint as a second amended complaint on April 1, 1935, and that trial of the cause, which resulted in the judgment appealed from, was not begun until April 5, 1935, four days later. The record does not show what amendments or changes were made in the pleading. The record does not show and it is not contended that appellant was harmed by said amendment. The ruling complained of is not shown to be more than a harmless error, if any. This court will not reverse a judgment on account of such an error.

Appellant assigns as an independent error, "The court erred in dismissing appellant's cross-complaint." He contends that the court failed to adjudicate the issues presented by the cross-complaint.

In the instant case the court heard the case on the complaint and cross-complaint, and then made a finding for plaintiff on the complaint and a finding that appellant's cross-complaint should be dismissed, and then rendered judgment in accordance with its finding. This was in effect a judgment against appellant on the cross-complaint. *Smith* v. *Linton Trust Co.* (1918), 68 Ind. App. 691, 121 N. E. 92.

Appellant filed a motion to modify the judgment, which motion was overruled, and appellant assigns said ruling as an independent error. The motion prayed a reduction of the amount of alimony and re-taxing of costs. Several legal points are stated in support of said alleged error, but no application is made of the points to the instant case, except perhaps as to re-taxing costs. This court will not reverse a judgment on account of error (if any) in taxing costs. Said other points present no questions under the rules of this court.

Appellant filed a motion for new trial which was overruled, and said ruling is assigned as error.

As causes for new trial, among others, appellant says the decision is contrary to law, and the decision is not sustained by sufficient evidence. Bill of Exceptions No. 2 shows that evidence was presented by witnesses for the plaintiff and by witnesses for the defendant and cross-complainant. The bill of exceptions containing the evidence does not include evidence of defendant's witnesses; therefore the question whether or not the decision is contrary to law, or whether or not it is sustained by sufficient evidence is not presented. *Wolf Hotel Co.* v. *Parker* (1928), 87 Ind. App. 333, 158 N. E. 294.

At the close of plaintiff's evidence appellant moved the court to find for appellant, which motion was overruled. This ruling of the court is assigned as a cause for new trial.

The error of the court in overruling said motion, if any, was waived by appellant's introduction of evidence thereafter in his behalf. *Bilskie* v. *Bilskie* (1919), 69 Ind. App. 595, 122 N. E. 436.

After the close of the evidence appellant filed a motion to re-open the case for the purpose of hearing additional evidence. The motion was overruled. Appellant assigns said ruling as a cause for new trial.

It is sufficient to say with reference to said alleged cause for new trial that the matter of setting aside the submission of a cause to hear additional evidence rests in the discretion of the trial court, and that no abuse of discretion is shown to have been committed by the trial court in overruling said motion.

Appellant's fourteenth cause for new trial was alleged "error by the court in the assessment of the amount of recovery in that the same is too large." That is a statement of a statutory cause for new trial in actions upon a contract, or for the injury or de-

692

tention of property, but it is not a cause for new trial in any other actions. *State ex rel.* v. *Richeson* (1905), 36 Ind. App. 373, 75 N. E. 846; Cl. 5, Sec. 2-2401 Burns 1933, Sec. 368 Baldwin's 1934), therefore no question is presented by said specification.

No reversible error having been shown, the judgment of the trial court is affirmed.

## ON REHEARING.

DUDINE, P. J.—Appellant in his petition for rehearing calls our attention to the fact that we failed to decide the questions presented under an assignment of error that the court erred in ordering appellant to pay appellee sixteen dollars ($16.00) per week pending trial.

It is clear that such an order is an interlocutory order. This court does not have authority to review such order. See Sec. 4-214 Burns 1933, Sec. 1356 Baldwin's 1934.