NATIONWIDE MUTUAL INSURANCE COMPANY *v.* POMEROY.

[No. 20,517. Filed June 26, 1967. Rehearing denied July 18, 1967. Transfer denied October 31, 1967.]

Robert H. Orbison and Baker and Oribson, of counsel, both of Indianapolis, for appellant.

Lloyd L. DeWester, Jr., and DeWester, Raferty & Andrews, of counsel, both of Indianapolis, for appellee.

BIERLY, J.—Appellant, (plaintiff below), brought suit in one paragraph of complaint for money had and received and therein prayed for damages in the sum of $1,904.00.

Appellee, (defendant below), then filed what both parties designated a ",cross complaint" against the plaintiff, in four paragraphs.

As was said in New York Life Ins. Co. v. Adams (1931), 202 Ind. 493, 176 N. E. 146:

> "A cross-complaint would signify a cause of action by one or more defendants against one or more codefendants, or against a person not a party to the action, involving the subject-matter therein. But, in this jurisdiction, it appears that the courts have used the words 'cross-complaint' and 'counter-claim' indiscriminately, but, strictly speaking, they are not synonymous. The name given to a pleading, however, does not always truly characterize it. It is the material facts incorporated therein that determine its force and effect." (Emphasis Supplied.)

Thus, it is clearly evident that this is not a cross-complaint, but is, instead, a counter-claim.

The first paragraph of this counter-claim alleged loss of profits arising out of an employment contract with appellant. The second paragraph alleged damages resulting from appellant's wrongful termination of his employment. The third paragraph alleged damages resulting from the cancellation of renewals of insurance sold by appellee while he was employed with the appellant, and in violation of his contract of employment. The fourth and final paragraph alleged damages for appellee's loss of wages and commissions and medical bills incurred by appellee during his period of employment, by reason

of appellant's failure to carry health and accident insurance on appellee contrary to the contract.

The trial court found for the appellant on its paragraph of complaint in the sum of $1,850.53, and against the appellee on Paragraph I and III of his counter-claim. It further found for the appellee on Paragraphs II and IV of the counter-claim in the amount of $1,000.00 on said Paragraph II, and $850.00 on said Paragraph IV.

Appellant's sole assignment of error is the overruling, by the trial court, of its motion for a new trial. Contained within said motion are the following three specifications:

"(1)  The decision of the Court is contrary to law.

"(2)  The decision of the Court is not sustained by sufficient evidence.

"(3)  The damages assessed by the Court on Paragraphs II and IV of the defendant's cross-complaint are excessive."

The appellant has chosen to group the three specifications together and argue them as one in its brief. We shall do the same in this opinion.

The only authorities cited by appellant are the cases of *Miller* v. *Powers* (1888), 119 Ind. 79, 21 N. E. 455, and *Lowe* v. *Turpie et al.* (1897), 147 Ind. 652, 44 N. E. 25.

The *Miller* case, *supra*, dealt with the assignment of a written insurance policy by one who failed to read the policy pertaining to an assignment. The court held that absent a showing of fraud, the failure to read what was signed would not make the assignment invalid. We fail to see the applicability of the cited case to the case at bar. In the case at bar there was a written employment contract which enabled either party to terminate the contract upon written notice, but the actions of the parties during the term of the contract can orally or by implication modify, change, or waive the terms thereof. Neither was fraud in issue in the case at bar.

The *Lowe* case, *supra,* is cited to sustain the proposition that damages must be the natural and proximate consequences of the breach of contract and cannot be remote or speculative.

Appellant alleges the damages awarded the appellee cannot be anything more than remote and speculative, inasmuch as there is little evidence on this question. With this contention we cannot agree. There was evidence that appellee lost his earnings for a period of two months before he started to receive commissions from another insurance company. There was also some evidence that renewal commissions due appellee which accrued on premiums were not paid to him.

As to the remainder of appellant's argument, there is no authority cited, and as a result, under Supreme Court Rule 2-17 (h), it presents no question for our determination.

Having failed to demonstrate error, we are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Pfaff, C. J., Cook, J., and Smith, J., concur.

NOTE.—Reported in 227 N. E. 2d 448.