## STECH v. STECH

[No. 667A18. Filed October 10, 1968. Rehearing denied November 13, 1968. Transfer denied February 24, 1969.]

*Bangs, Mills & Rollo* and *C. W. H. Bangs,* of Huntington, for appellant.

*Carlson, Spencer, Matheny & McIntosh* and *Mark A. McIntosh*, of Huntington, for appellee.

PFAFF, J.—This is an action brought by the appellee, Kenneth Hersil Stech, against appellant, Deloris Cathlein Stech, for a divorce, together with an application for custody of minor children and sole possession of the real estate. Appellant filed application for support, suit money, custody of minor children and exclusive possession of the residence pending the action. After hearing evidence relative to said petitions the court made the following finding and entered an order accordingly:

> "The plaintiff's petition for custody of minor children and sole possession of the residence, and the defendant's petition for support, suit money, custody of minor children and sole possession of residence, having heretofore been submitted to the Court, and the Court having heretofore heard evidence relative to said petitions and having taken the same under advisement, the Court now being advised in the premises, finds for the plaintiff on plaintiff's petition for custody of the two minor children of the parties hereto and against the plaintiff on plaintiff's petition for sole possession of the residence. The Court further finds for the defendant and against the plaintiff on defendant's petition for sole possession of residence and support, and finds that the plaintiff should pay to the defendant for the support and maintenance of the defendant the sum of $10.00 per week and against the defendant and for the plaintiff on defendant's petition for custody of minor children. The Court having heretofore ordered the plaintiff to pay defendant's attorney fees in the sum of $200.00.

Thereafter, the cause was tried to the Court and upon the evidence presented the following finding and decree was entered:

> "The Court now finds for the plaintiff that a divorce be granted. The plaintiff is to have custody of the children. The real estate and the gas space heater shall be held by the parties as tenants in common, subject to the mortgage. The defendant shall have the AMC refrigerator.

radio, electric organ, portable television set and the piano and bench. The plaintiff shall have all other household goods and the automobile, and shall pay all debts of the parties except the real estate mortgage.

"IT IS, THEREFORE, ORDERED AND ADJUDGED by the Court that the bonds of matrimony existing between the plaintiff and the defendant, be, and the same are hereby dissolved and that the plaintiff, Kenneth Hersil Stech, be and he is hereby awarded an absolute divorce from the defendant, Deloris Cathlein Stech.

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that the plaintiff have custody of the children.

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that the real estate and the gas space heater be held by the parties as tenants in common, subject to the mortgage.

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that the defendant have the AMC refrigerator, radio, electric organ, portable television set, and the piano and bench.

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that the plaintiff have all other household goods and the automobile and that the plaintiff be and he is hereby ordered to pay all debts of the parties except the real estate mortgage."

Appellant subsequently filed her motion for new trial, the pertinent parts of which read as follows:

"1. The Court erred in overruling defendant's motion for a finding in favor of defendant at the conclusion of the hearing of evidence by the plaintiff;

"2. The finding of the court is not sustained by sufficient evidence;

"3. The finding of the court is not sustained by sufficient evidence and is contrary to law;

"4. The court erred in refusing to hear evidence as to the property of the parties, the contributions by the parties, their equities therein and without inquiry as to all property of the parties and the obligations owing by either or both of the parties.

"5. The court erred in finding that after twenty-six (26) years of married life in which defendant bore children by plaintiff and marital troubles had arisen, that the refusal by defendant to have sexual relations for the fun of it constituted cruel and inhuman treatment and was grounds for divorce;

"6. The damages assessed by the court are excessive;

"7. There was error in the assessment of the amount of recovery, in this, the amount is too large;

"8. The decision of the court is not sustained by sufficient evidence and is contrary to law."

Such motion was overruled and, on appeal, appellant contends that the court erred in overruling said motion.

Having failed to file a memorandum in support of her contentions that the decision of the court is not sustained by sufficient evidence and is contrary to law, appellant has thereby waived said assignments of error. Rule 1-14B, Rules of the Supreme Court, 1967 Revision; *Anderson v. Irwin* (1968), 142 Ind. App. 302, 234 N. E. 2d 276.

Appellant contends that the court erred in the assessment of the amount of recovery in that said assessment is excessive. It is well established that while error in the assessment of the amount of recovery is a statutory ground for a new trial in actions upon contract or for the injury or detention of property, § 2-2401, cl. 5, Burns' Ind. Stat. Anno. (1968 Repl.), it is not a ground for a new trial in a divorce action. *Dickerson v. Dickerson* (1938), 104 Ind. App. 686, 10 N. E. 2d 424, 11 N. E. 2d 514 (transfer denied). Excessive damages is cause for a new trial only in cases of tort other than for injury to, or detention of property. 2 Wiltrout Ind. Civ. Proc., § 1766, p. 524; 22 I. L. E., *New Trial*, § 53, p. 43; *Ault v. Phillips* (1941), 108 Ind. App. 535, 27 N. E. 2d 379 (transfer denied).

In support of specification of error No. 4, appellant in her brief asserts only what was previously set forth in her mo-

tion for new trial and has failed to support said contention with proper authorities and cogent argument as required by Rule 2-17(h), Rules of the Supreme Court of Indiana. *Warner v. Warner* (1966), 139 Ind. App. 290, 219 N. E. 2d 606; *Nationwide Mutual Insurance Company v. Pomeroy* (1967), 141 Ind. App. 288, 227 N. E. 2d 448 (transfer denied). Said specification of error is thereby waived.

Appellant further contends that the acts complained of, which included failure to have sexual relations, were not sufficient to constitute cruel and inhuman treatment, the statutory ground relied upon by appellee. In the alternative, appellant argues that even if the acts complained of did constitute cruel and inhuman treatment, said acts were condoned by the appellee.

The evidence discloses that the series of acts committed by appellant, including her refusal to have marital relations, affected the appellee "very much". Appellee testified that he attempted to discuss with the appellant her specific refusal to have marital relations, but said attempt was to no avail.

This court, in *Van Antwerp v. Van Antwerp* (1954), 125 Ind. App. 65, 112 N. E. 2d 137, at page 139 stated:

"It has repeatedly been held by this court that we do not weigh evidence or disturb the decision of the trial court when it is supported by some evidence of probative value, notwithstanding the fact that the defendant's testimony shows different circumstances or set of facts. If there is any substantial evidence of probative value in the record to sustain the finding and decision of the trial court, the judgment must be affirmed. In this connection it must be borne in mind that the trial judge as trier of the facts was not bound by the testimony of any single witness or any particular item of evidence. It was his exclusive province to judge and to determine the credibility of the witnesses, weigh the evidence and determine which of the parties, if either of them, was entitled to a divorce."

Therefore, upon appeal, this court cannot substitute its judgment as to the weight of the evidence for that of the trial court.

Appellant next contends that the alleged acts of cruel and inhuman treatment were condoned by the appellee. Under Rule 2-17(h), Rules of the Supreme Court of Indiana, appellant has waived said contention by failing to support it with cogent argument.

Appellee's motion to affirm, which was previously held in abeyance, is now sustained.

Judgment affirmed.

Cook, P.J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 240 N. E. 2d 557.